IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO and ANTONIO OCAMPO, <br><br> Plaintiffs, <br><br> v. <br><br> SHERIFF MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF, <br><br> Defendant. | CIVIL ACTION NO: 2:11-CV-225 <br><br> MAGISTRATE (1) <br><br> Judge Sally Shushan |

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), effective as of the date all Parties have executed this Agreement (the "Effective Date"), is made by and between Mario Cacho and Antonio Ocampo (collectively "Plaintiffs") and Sheriff Marlin Gusman in his official capacity as Orleans Parish Sheriff ("the Sheriff"), and is based on the following:

1. The Parties enter into and do hereby stipulate to an Agreement that imposes binding obligations upon the Parties and their successors to the extent stated below and that constitutes a full and complete resolution of the issues in the above-captioned action.

2. Plaintiffs have filed a lawsuit in the United States District Court for the Eastern District of Lousiana against the Sheriff styled *Cacho v. Gusman*, Case No. 2:11-cv-00225 (the "Lawsuit") that alleges violations of the constitutional rights of liberty and due process, false imprisonment, and negligence.

3. Parties desire to settle their dispute in order to avoid the time and expense of additional litigation of the above-captioned case.

1

4. With the entry of the Consent Judgment, the Sheriff shall adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement (ICE) Procedures (herein "Policy") incorporated in the Consent Judgment. The Policy shall remain in effect as permanent injunctive relief.

5. With the entry of the Consent Judgment, the Sheriff shall ensure that the Policy is disseminated to all employees of the Orleans Parish Sheriff's Office and fully implemented.

6. Within 10 business days of the entry of the Consent Judgment, the Sheriff shall pay the following amounts to Plaintiffs by the method set forth herein:

   i. The Sheriff shall pay Plaintiff Mario Cacho: $19,294.12.

   ii. The Sheriff shall pay Plaintiff Antonio Ocampo: $10,705.88.

   iii. The Sheriff shall pay the amounts set forth above via check which will be deposited to the IOLTA account, NO Workers Center for Racial Justice Legal Department, and distributed to Plaintiffs (unless another payment method is agreeable to the parties).

7. Parties agree that the entry of the consent judgement shall make plaintiffs prevailing parties for the purpose of court adjudication of the motion for attorneys fees and costs and Plaintiffs shall submit their fee request within 14 days of the entry of the consent motion pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1988.

8. All Parties acknowledge and agree that the execution of this Agreement shall not be construed as an express or implied admission of misconduct, responsibility, or liability of any Party and the Parties expressly and specifically deny all such admissions. Rather, it is acknowledged and agreed that the Agreement has been entered into solely for the purpose of

settling and compromising the Lawsuit and to avoid future expenses and uncertainties related to the Lawsuit.

9. The payment set forth in Paragraph 7 is compensation for non-wage damages, including compensatory damages (for physical pain and suffering, emotional distress and harm), and is exclusive of attorney fees and costs accrued to date.

10. Proceedings to enforce the Policy referenced in Paragraph 4 may be initiated by any person adversely affected by or any membership organization with members adversely affected by a violation of the Policy.

11. The Parties stipulate that this Agreement represents a full and final settlement of all claims which were or could have been asserted in the Lawsuit.

12. The Parties agree that they shall not seek appellate or mandamus review or reconsideration of any order entered in this Lawsuit.

13. The covenants and releases set forth in this Agreement shall be irrevocable and remain in full force and effect perpetually and shall be binding on any successors to the Parties.

14. Nothing in this Agreement shall preclude any person not bound by this Agreement from filing a separate, original action to vindicate alleged rights that are otherwise addressed in this Agreement.

15. The Parties agree that the Court in the above captioned case shall retain continuing jurisdiction over the Lawsuit and ancillary jurisdiction over any action arising from or relating to the Lawsuit in order to enforce the terms and conditions of this Agreement, determine attorneys' fees and costs, and to take any action necessary or appropriate for the Agreement's enforcement, interpretation, execution, modification, or adjudication of disputes. Any Party may apply to the Court for any relief necessary to construe or effectuate the terms of this Agreement.

16. It is further agreed that, if any of the Parties initiates proceedings to enforce the terms of the Consent Judgment and the Court finds that the other party is in violation of its obligations under the Consent Judgment, the violating party shall be liable for the attorneys' fees and costs associated with enforcing the Consent Judgment.

17. This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of the State of Louisiana, without regard to its conflict of law provisions.

18. This Agreement embodies the entire understanding between the parties as to the subject matter hereof and supercedes all previous discussions and documents respecting such subject matter.

19. This Agreement may not be amended, supplemented, or modified in any manner, orally or otherwise, except by an instrument in writing referencing this Agreement signed by duly authorized representatives of the parties hereto.

20. If any provision hereof or any portion thereof shall be held to be invalid or unenforceable, the remaining provisions of this Agreement shall continue in full force and effect. The parties shall then endeavor to replace the invalid or unenforceable portion by a clause which is closest to the contents of the invalid or unenforceable portion.

21. This Agreement shall be construed as if the Parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any one Party because of the manner in which this Agreement was drafted or prepared.

22. The Parties each acknowledge, accept, warrant and represent that they are represented at all relevant times during the negotiation and execution of this Agreement by counsel of their choice, and that they have executed this Agreement with the consent and on the advice of such independent legal counsel.

23. This Agreement may be executed in three or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

IN WITNESS THEREOF, the Parties have executed this Agreement through their duly authorized representatives as set forth below:

**Marlin Gusman, Orleans Parish Sheriff**

By: BLAKE J. ARCURI

Dated: 6-24-13

**Mario Cacho**

By: Yihong "Julie" MAO

Dated: 6-21-13

**Antonio Ocampo**

By: Yihong "Julie" MAO

Dated: 6-21-13

5