IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO and ANTONIO OCAMPO,<br><br>          Plaintiffs,<br><br>v.<br><br>SHERIFF MARLIN N. GUSMAN,<br>ORLEANS PARISH SHERIFF,<br><br>          Defendant. | CIVIL ACTION NO: 2:11-CV-225<br><br>MAGISTRATE (1)<br><br>Judge Sally Shushan |

## CONSENT JUDGMENT FOR INJUNCTIVE RELIEF AND DAMAGES

IT IS HEREBY STATED by and between the undersigned counsel for Plaintiffs and Defendant that:

1. The Parties voluntarily enter into and do hereby stipulate to a Consent Judgment that imposes binding obligations upon the Parties and their successors to the extent stated below and in the Settlement Agreement ("Agreement"), which is attached as Exhibit A, and that constitutes a full and complete resolution of the issues in the Lawsuit.

2. Plaintiffs have filed a lawsuit in the United States District Court for the Eastern District of Louisiana against the Sheriff styled *Cacho v. Gusman*, Case No. 2:11-cv-00225 (the "Lawsuit") that alleges violations of the constitutional rights of liberty and due process, false imprisonment, and negligence.

3. The Parties desire to settle their dispute in order to avoid the time and expense of additional litigation of the above-captioned case.

4. The Parties agree, and the Court so orders, that the Sheriff shall adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement

(ICE) Procedures (herein "Policy") as set forth in Exhibit B, incorporated herein, which has permanent effect, absent a change in federal or state law applicable to immigration detainers.

5. With the entry of this Consent Judgment, the Parties agree that the Sheriff shall ensure that the Policy is disseminated to all employees of the Orleans Parish Sheriff's Office and fully implemented.

6. Within 10 business days of the entry of this Consent Judgment by the Court, the Sheriff shall pay the following amounts to Plaintiffs by the method set forth herein:

   i. The Sheriff shall pay Plaintiff Mario Cacho: $19,294.12.

   ii. The Sheriff shall pay Plaintiff Antonio Ocampo: $10,705.88.

   iii. The Sheriff shall pay the amounts set forth above via check which will be deposited to the IOLTA account of the New Orleans Workers' Center for Racial Justice Legal Department, and distributed to Plaintiffs (unless another payment method is agreeable to the parties).

7. The Parties agree that the entry of the Consent Judgment shall make Plaintiffs the prevailing parties for the purpose of court adjudication of the motion for attorneys fees and costs and Plaintiffs shall submit their fee request within thirty calendar days of the entry of the consent motion pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1988. The fee request must be fully briefed and supported. Opposition to the fee request shall be filed within thirty calendar days of the fee request, with any reply due within ten calendar days.

8. The Parties agree, and the Court further orders, that the Court retains jurisdiction over this action in order to enforce Paragraph 4 of the Consent Judgment, determine reasonable attorneys fees and costs, and resolve any disputes regarding the implementation and enforcement

of this Consent Judgment.  For purposes of enforcement, "Plaintiff Representatives" shall mean New Orleans Workers' Center for Racial Justice and National Immigration Law Center.

9. The Parties agree, and the Court orders, that any dispute related to this Consent Judgment be submitted to mediation pursuant to Paragraph 8 and 9 of the Settlement Agreement, attached as Exhibit A, before being brought to the Court, and Plaintiff Representatives and/or Sheriff shall certify compliance with the mediation process contemporaneously with the filing of a compliant.

10. It is further agreed and ordered that, if any of the Parties initiates proceedings to enforce the terms of the Consent Judgment and the Court finds that the other party is in violation of its obligations under the Consent Judgment, the violating party shall be liable for the reasonable attorneys fees and costs associated with enforcing the Consent Judgment.

WHEREFORE, having fully read and considered the provisions set forth above, the Parties having stipulated and agreed to the above terms and conditions, and the Court having approved the entry of this Consent Judgment, IT IS SO ORDERED.

New Orleans, Louisiana this  9th  day of August, 2013.

                                                    Sally Shushan
                                                    United States Magistrate Judge

AGREED TO BY:

/s/ Jennifer J. Rosenbaum
Jennifer J. Rosenbaum (LA Bar No. 31946)
Yihong "Julie" Mao (LA Bar No. 34191)
NEW ORLEANS WORKERS' CENTER FOR RACIAL JUSTICE
217 N. Prieur Street
New Orleans, LA 70112
jjrosenbaum@nowcrj.org, jmao@nowcrj.org
Telephone: 504-309-5165
Facsimile: 504-309-5205

/s/ Linton Joaquin

Linton Joaquin (pro hac vice)
Karen C. Tumlin (pro hac vice)
Melissa S. Keaney (pro hac vice)
Nicholás Espíritu (pro hac vice pending)
NATIONAL IMMIGRATION LAW CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, CA 90010
joaquin@nilc.org; tumlin@nilc.org;
keaney@nilc.org; espiritu@nilc.org
Telephone: 213-639-3900
Facsimile: 213-639-3911

/s/ Melissa Anderson
Melissa Anderson (*pro hac vice*)
Ghazal Tajmiri (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE, LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
mjanderson@orrick.com
Telephone: 206-839-4323
Facsimile: 206-839-4301
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
gtajmiri@orrick.com
Telephone: 213-612-2439

*Attorneys for Plaintiffs*

*/s/ Blake Arcuri*
Blake Arcuri (LA Bar No. 27625)
Freeman Matthews (LA Bar No. 9050)
USRY WEEKS & MATTHEWS
1615 Poydras Street, Suite 1250
New Orleans, LA 70112
barcuri@uwmlaw.com; pmathews@uwmlaw.com
Telephone: 504-492-4600
Facsimile: 504-592-4641
*Attorneys for Defendant*