# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO AND ANTONIO OCAMPO, <br><br> PLAINTIFFS, <br><br> v. <br><br> SHERIFF MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF, <br><br> DEFENDANT. | Civil Action No. 2:11-cv-225 <br><br> Judge: ___ - ___ |

## THE STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF ITS MOTION TO INTERVENE

The State of Louisiana, by and through Attorney General Elizabeth Murrill, moves to intervene under Federal Rule of Civil Procedure 24. The Court should grant the motion because the State satisfies the requirements of intervention as of right and, alternatively, permissive intervention. Defendant Orleans Parish Sheriff does not oppose the intervention; Plaintiffs have not responded to the State's request to obtain consent for the filing and granting of the motion.

## BACKGROUND

For the last dozen years, the Orleans Parish Sheriff's Office (OPSO) has been subject to a consent decree that effectively requires OPSO to treat its facilities as sanctuary jurisdictions from U.S. Immigration and Customs and Enforcement (ICE). *See* ECF No. 96. Under that consent decree's mandated policy, OPSO must "decline" all "ICE criminal warrants" unless the detainee is being prosecuted with murder, rape, kidnapping, treason, or armed robbery. *See* ECF No. 96-2 (policy). It also forbids

1

the OPSO from investigating the immigration status of any individual in its custody or providing that information to ICE. *See id.* The policy bans ICE agents from interviewing any OPSO detainee without a court order, and it requires OPSO to find legal counsel—paid on taxpayer dime—for those that ICE does interview. *Id.* The consent decree purports to have "permanent effect"—with one exception: "a change in federal or state law applicable to immigration detainers." ECF No. 96 at 2. That happened last year: Louisiana changed its law applicable to immigration detainers. *See* 2024 La. Sess. Law Serv. Act 314 (S.B. 208) (codified at La. R.S. 33:81 *et seq.*).

The change in state law applicable to immigration detainers should have prompted the parties to move to terminate or dissolve the consent decree so that OPSO may come into compliance with state law—but no party has done so. *See* Chris Joseph, *"I cannot do ICE's work;" Orleans Sheriff vows to follow settlement agreement over holding ICE targets*, Fox 8 (Dec. 30, 2024), t.ly/EWekU; Kati Weis, *As ICE ramps up immigration sweeps, New Orleans' sanctuary city status could be put to the test*, CBS Evening News (Feb. 8, 2025), t.ly/Q-jjB. The State thus intervenes here to enforce state law by moving to terminate or dissolve the consent decree.

**ARGUMENT**

The State seeks to intervene to defend its law, as it has time and again. *See, e.g.*, *Callais v. Landry*, No. 3:24-cv-122, 2024 WL 1237058, at *4 (W.D. La. Feb. 26, 2024); *Harrison v. Jefferson Par. Sch. Bd.*, No. 20-2916, 2021 WL 4268802, at *9 (E.D. La. Mar. 2, 2021); *Aubin v. Columbia Cas. Co.*, No. 16-290, 2017 WL 1416814, at *4 (M.D. La. Apr. 19, 2017). Rule 24(a) requires the granting of such an intervention, and Rule 24(b) permits it in the alternative. *See Ross v. Marshall*, 426 F.3d 745, 753

(5th Cir. 2005) ("Intervention should generally be allowed where no one would be hurt and greater justice could be attained."). The motion to intervene is timely, just a few days after recent public statements suggesting the existing parties will not seek to disturb the consent decree. *See Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (en banc) (timeliness runs "from the time [the intervenor] became aware that [its] interest would no longer be protected by the existing parties to the lawsuit," and delays of "only 37 and 47 days … are not unreasonable").

## I. The State Is Entitled to Intervention as of Right under Rule 24(a).

Upon a timely motion, the State of Louisiana may intervene if it (1) has "an interest relating to the property or transaction that is the subject of the action" (2) that is "inadequately represented by the existing parties to the suit," and (3) is "so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (quoting Fed. R. Civ. P. 24(a)(2)) (the elements are "liberally construed" in favor of intervention); *see Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc)).

**1.** The State has an interest in enforcing its laws. To intervene, the State need only show that it "has a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv.*, 732 F.2d at 463). And "an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim." *Wal-Mart Stores, Inc. v. Tex.*

3

*Alcoholic Beverage Comm'n*, 834 F.3d 562, 566 (5th Cir. 2016); *see also DeOtte v. Nevada*, 20 F.4th 1055, 1068 (5th Cir. 2021).

The Supreme Court has long recognized that "a State 'clearly has a legitimate interest in the continued enforceability of its own statutes,' and a federal court must 'respect ... the place of the States in our federal system.'" *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (first quoting *Maine v. Taylor*, 477 U.S. 131, 137 (1986), then quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997)). So, it cautions that "a State's opportunity to defend its laws in federal court should not be lightly cut off." *Id.*

In Louisiana, the Attorney General—its "chief legal officer"—has both the state constitutional power and duty to "intervene in any civil action" to protect the "rights and interest" of the State and its citizens and to uphold the State's Constitution and laws. LA. CONST. art. IV., § 8. Federal law recognizes as much by requiring any challenge to the legality or constitutionality of a state law to be served on the Attorney General. *See* Fed. R. Civ. P. 5.1(B)(2); 28 U.S.C. § 2403(b) (when a state law "affecting the public interest is drawn in question" in any "court of the United States," the state attorney general must be notified); *see also* La. Code of Civ. P., art. 1880 (same for state court proceedings).

That is why the Attorney General often intervenes on behalf of the State to defend its "compelling interest" in the constitutionality of its laws. *Callais*, 2024 WL 1237058, at *4 ("The State of Louisiana clearly has a compelling interest in defending [legislation] formulated and passed by its own legislators…."); *see, e.g.*, *Aubin*, 2017

WL 1416814, at *4 ("Because the constitutionality of [a Louisiana law], which is a statute affecting the public interest, has been called into question, Attorney General Landry has an unconditional right to intervene in this case.").

More, the State seeks to intervene here to enforce a statute that expressly contemplates the Attorney General's enforcing the law by pursuing injunctions against local entities and agencies that violate it. *See* La. R.S. 33:85. So in this case in particular, the Attorney General has an additional independent statutory duty to see that this state law is effectuated. The State of Louisiana thus plainly has the requisite interests in intervening as of right.

**2.** The State's sovereign interests are distinct from and, thus, inadequately represented by the parties. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) ("this burden is minimal"). This not a case where "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Entergy Gulf States La., LLC v. EPA*, 817 F.3d 198, 203 (5th Cir. 2016) (citation omitted); *see, e.g.*, *Prisco v. Lopinto*, No. 22-715, 2024 WL 2784700, at *1 (E.D. La. May 29, 2024) (recognizing court's granting the State's motion to intervene in § 1983 suit). Nor is this the case of guessing whether the State's interests are aligned with an existing party's. Although Louisiana's new law has been on the books for months now—and although the consent decree is no longer valid, by its own terms—no party has moved to terminate the decree. *See* Chris Joseph, *"I cannot do ICE's work;" Orleans Sheriff vows to follow settlement agreement over holding ICE targets*, Fox 8 (Dec. 30, 2024), t.ly/EWekU. The State's interest in enforcing State law is thus directly contrary to (and, as a

5

result, not represented or protected by) the parties' *de facto* acquiescence in the continued existence of the consent decree.

Intervention is especially warranted in civil actions like this, which culminate in prospective injunctive relief that is subject to the Prison Litigation Reform Act (PLRA). Indeed, the PLRA's relief provisions contemplate throughout the statute that an "intervener" will need to step in to terminate such prospective relief. *See* 18 U.S.C. § 3626(b), (e). Unsurprisingly, States and state officials are often interveners in PLRA suits to defend their sovereign prerogatives and to move to terminate prospective relief. *See, e.g.*, *Castillo v. Cameron County*, 238 F.3d 339 (5th Cir. 2001); *Ruiz v. Estelle*, 161 F.3d 814, 816 (5th Cir. 1998), *abrogated on other grounds by Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017). That is especially true where, as here, the prospective relief was by party consent.

**3.** For converging reasons, disposition of this case will impair the State of Louisiana's ability to protect its interests—namely, the enforcement of its duly enacted laws—and it will impair and impede the Attorney General from carrying out her constitutional and statutory duties to defend and enforce the laws of the State of Louisiana.

## II. Alternatively, the State Is Entitled to Permissive Intervention under Rule 24(b).

Upon a timely motion, courts may allow intervention of a non-party when "a claim or defense … shares with the main action a common question of law or fact," so long as the courts "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), 24(b)(3);

*see, e.g., Nairne v. Ardoin*, No. 22-178, 2022 WL 1559074, at *3 (M.D. La. May 17, 2022) (granting permissive intervention to the State). As explained above, the Attorney General's claims or defenses and the main action have a question of law or fact in common. *Supra* Part I. Nor will the intervention unduly delay or prejudice the adjudication of the rights of the original parties. *Texas v. United States*, 805 F.3d at 657 ("no one would be hurt and the greater justice could be attained").

## CONCLUSION

This Court should grant the State of Louisiana's Motion to Intervene and allow Louisiana Attorney General Liz Murrill to fulfill her constitutional duty to represent the State's interest.

Dated: February 14, 2025  Respectfully submitted,

**ELIZABETH B. MURRILL**
**Attorney General of Louisiana**

  /s/ *Zachary Faircloth*
J. BENJAMIN AGUIÑAGA*
  *Solicitor General*
ZACHARY FAIRCLOTH (La #39875)
  *Principal Deputy Solicitor General*
OFFICE OF THE LOUISIANA ATTORNEY GENERAL
1885 North Third Street
Baton Rouge, LA 70802
Telephone: (225) 326-6705
Facsimile: (225) 326-6795
aguinagab@ag.louisiana.gov
fairclothz@ag.louisiana.gov

*Counsel for the State of Louisiana*

**pro hac vice forthcoming*