IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIO CACHO AND ANTONIO OCAMPO

    Plaintiffs,

v.

SHERIFF MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF;

    Defendant.

Case No.: 2:11-cv-225
HON. JANIS VAN MEERVELD
DIVISION: (1)

**PLAINTIFFS' SUR-REPLY MEMORANDUM
IN OPPOSITION MOTION TO INTERVENE**

Plaintiffs Mario Cacho and Antonio Ocampo[1] (collectively, "Plaintiffs"), respectfully submit this Sur-Reply Memorandum in Opposition to the State of Louisiana's ("the State's") Motion to Intervene. On February 14, 2025, the State moved to intervene in a twelve-year-old consent judgment agreed to by Plaintiffs and Defendant Orleans Parish Sheriff's Office ("OPSO"). Dkt. 112. As relevant here, the State argues that it warranted intervention as of right pursuant to Fed. R. Civ. P. 24(a). *Id*. at 2. On April 8, 2024, Plaintiffs opposed the State's intervention, arguing that the State does not demonstrate the interest, impairment, or inadequate representation required for intervention under Fed. R. Civ. P. 24(a). Dkt. 127 at 5-18. The State replied on April 11, 2025, arguing for the first time that it is entitled to almost unlimited deference when it decides to intervene in cases with some relation to state law. Dkt. 132 at 6-8.

When a movant "raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." *Ga. Firefighters' Pension Fund v. Anadarko Petro. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024). Plaintiffs respond to the State's new arguments below.

---
[1] Due to a change in Plaintiff Antonio Ocampo's circumstances since the consent judgment was issued, a motion to proceed under pseudonym is forthcoming.

### I. Adequacy of Representation

The State argues for the first time in its reply that existing representation is inadequate even if it shares an ultimate objective with OPSO. Dkt. 132 at 6. In support of this new argument, the State cites *Berger v. N. Carolina State Conf. of the NAACP*, 597 U.S. 179 (2022). Dkt. 132 at 6. To be sure, *Berger* counsels a certain level of deference to state constitution grants of authority for a state agency to defend state law. However, to the extent that *Berger* can be understood to expand the ability of states to intervene regarding the defense of state law, it is not applicable, where, as here, state law is not even under attack. The stakes for states are very different when their laws are under attack than they are here, where no state law is challenged, must less attacked.

Moreover, it does not purport eviscerate Rule 24(a)'s requirements whenever a state attempts to intervene. The Court explicitly limited its holding in the adequacy of representation context when it disclaimed that "[a]t some point, too, it may be that the interests of existing parties will come to overlap fully with the interests of any remaining proposed intervenor." *Berger*, 597 U.S. at 199. In that case, the state intervenor presented specific examples of a party's litigation decisions such as the failure to present sufficient expert witnesses as evidence that the party did not represent the state's interest. *Id*. at 198.

Even if *Berger* created a lower standard for states to intervene to defend their own law, and even if *Berger* were applicable to instant case—which it is not—the State has not met even its proposed lessened burden as a sovereign of demonstrating that OPSO may not adequately represent its interest. \As detailed in Plaintiffs' opposition, the State has pointed to nothing apart from statements that OPSO has made in one news article and a short delay in acting to modify a twelve year old consent judgment that was reasonable given legislative statements that SB 208 did not apply to OPSO. Dkt. 127 at 16-17. In those same eight months, the State itself failed to file any

suit about OPSO's immigration policy pursuant to La. Rev. Stat. Ann. § 33:85(A). In short, the State does not explain what OPSO has done that it would have done differently.

The *Berger* court also counseled that courts may well need to exercise caution in situations where granting intervention would "make trial management impossible." *Berger*, 597 U.S. at 199. Granting intervention would also impossibly complicate the management of this case, particularly where an enforcement mechanism already exists in state law. The State seeks intervention to terminate the consent judgment on the grounds that the judgment is no longer necessary to safeguard the Constitutional rights of those in OPSO custody. Dkt. 112-4 at 8-10. However, the consent judgment contains a mediation process by which the parties would seek to resolve disputes over its terms. Dkt. 96 ¶ 9. Indeed, the parties entered into the judgment to resolve "violations of the constitutional rights of liberty and due process, false imprisonment, and negligence [of Plaintiffs]." *Id*. ¶ 2. The State makes no mention any facts that indicate that the consent judgment is no longer necessary to protect these rights or how to prevent violations upon termination of the judgment. As the parties are best situated to modify the judgment to best comply with both state law and the United States Constitution, denying intervention at this stage would prevent a complicated procedural morass.

## II. Impairment or Impediment

After all but glossing over Rule 24(a)'s impairment or impediment requirement in its motion memorandum, the State makes substantive impairment arguments for the first time in its reply. The State argues for the first time that the Supreme Court's decisions in *Berger* and *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267 (2022) lessen its burden of demonstrating that denial of intervention would impair or impede its interests. Dkt. 132 at 8. The State's reply also advances for the first time the argument that it is impeded or impaired from protecting its interest

in enforcing state law because of alleged incompatibilities between the consent judgment and SB 208. Dkt. 132 at 7-8. In support of this argument, the State cites the Fifth Circuit's recent decisions in *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299 (5th Cir. 2022) and *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013 (5th Cir. 2022). Dkt. 132 at 8. None of these cases help the State.

Neither *Berger* and *Cameron* deal substantively with Rule 24(a)'s impairment or impediment requirement. The Court's comment in *Berger* suggesting that courts should exercise caution when questioning whether a state's interest is impaired or impeded is dicta. 597 U.S. at 180. *Berger* squarely addressed the circumstances in which representation was inadequate. *Id*. at 182-83. Impairment was not at issue in the case and the Court did not discuss or seek to modify existing impairment precedent.

*La Union del Pueblo Entero*, too, does not dispense with precedent requiring that the proposed intervenor demonstrate that they are left without alternative means by which to protect their rights. The State appears to argue that its interests as a sovereign overrides any independent impairment requirement, but the intervenors in *La Union del Pueblo Entero* are not government bodies. 29 F.4th at 304. They were committees affiliated with the Republican Party that argued that their election workers would be frustrated in their aims concerning a quickly approaching election should they not be allowed to intervene. *Id*. at 307. Notably, neither party raised any alternatives means arguments in that case. *See La Union Del Pueblo Entero v. Abbott,* No. SA-21-CV-00844-XR, 2021 WL 5410517, at *2 (W.D. Tex. Nov. 18, 2021), *rev'd and remanded,* 29 F.4th 299 (5th Cir. 2022).[2] The Fifth Circuit in *La Union Del Pueblo Entero* neither addressed an issue not raised, nor overruled its long line of precedent holding that a proposed intervenor is not impaired if it can

---

[2] In any case, the impending deadline in *La Union Del Pueblo Entero* may have made alternative means of protecting intervenors' interest infeasible. Proposed intervenors in the present case have not presented any such limitation.

file its own lawsuit in defense of its interests, which the State not only can do here, but is explicitly granted authority to do in order to enforce SB 208 as it sees fit. *See e.g. United States v. Tex. E. Transmission Corp.,* 923 F.2d 410, 414 (5th Cir. 1991); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994); La. Rev. Stat. Ann. § 33:85(A).[3]

The Fifth Circuit's decision in *Field* is of no support to proposed intervenor's either. The court found that "Intervenors' interest in enforcing their arbitration agreements with the plaintiffs is, as a practical matter, at risk of being lost as this litigation proceeds" because a third party's right to invoke such an agreement rests on questionable legal authority. *Field*, 35 F.4th at 1020. Proposed intervenor in the instant case, however, did not specify any difficulties that would result from either the consent judgment's mediation process or suit pursuant to La. Rev. Stat. Ann. § 33:85(A). Unlike in *Field*, the alternative means available to the State in this case are concrete rather than hypothetical.

For all the additional reasons discussed above, the Court should dismiss the State's motion to intervene.

DATED April 23, 2025

---

[3] The State also argues that Plaintiffs erroneously cited cases about Rule 24(a) timeliness requirement in support of its impairment argument. Dkt. 132 at 8-9. However, Plaintiffs cite *Jones v. Caddo Par. Sch. Bd*. only for the general proposition that "[i]ntervention after entry of a consent decree is reserved for exceptional cases." 704 F.2d 206, 221 (5th Cir.1983). And contrary to the State's assertions, *United States v. Louisiana* squarely addresses the impairment and impediment requirement. 90 F.R.D. 358, 363 (E.D. La. 1981).

Respectfully submitted,

/s/
**Jeremy Jong***
New Jersey Bar No.: 066472014
AL OTRO LADO
634 S Spring St., Suite 908
Los Angeles, CA 90014
Tel.: (504) 475-6728
jeremy@alotrolado.org

**Mary Yanik**
Louisiana Bar No.: 36973
TULANE LAW CLINICS
6329 Feret Street, Suite 130
New Orleans, LA 70118
Tel.: (620) 341-2653 (cell)
(504) 865-5153 (general office)
myanik@tulane.edu

**Cassandra Charles***
New York Bar No.: 5540133
NATIONAL IMMIGRATION LAW
CENTER PO Box 34573
Washington, DC 20043
Tel.: (213) 674-2814
charles@nilc.org

**Matthew S. Vogel**
Louisiana Bar No. 35363
NATIONAL IMMIGRATION
PROJECT OF THE NATIONAL
LAWYERS GUILD
1763 Columbia Rd. NW,
Suite 175 #896645
Washington, DC 20009
Tel.: (504) 569-5650
matt@nipnlg.org

† Not admitted in DC; working remotely from and admitted in Louisiana only
*Admitted Pro Hac Vice

*Counsel for Plaintiffs Mario Cacho and Antonio Ocampo*