UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARIO CACHO & ANTONIA OCAMPO** | * | **CIVIL ACTION NO. 11-225-JVM** |
| | * | |
| **VERSUS** | | |
| | * | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |
| **SUSAN HUTSON, ET AL.** | | |

### DEFENDANT'S SUR-REPLY MEMORANDUM

Defendant Orleans Parish Sheriff Susan Hutson (hereinafter referred to as "Sheriff Hutson, respectfully submits this sur-reply memorandum to address subsequent additional arguments made by the proposed intervenor, State of Louisiana (hereinafter referred to as "the State"), in their reply to Plaintiff's Opposition Memorandum. On February 14, 2025, the state filed their motion titled, "Motion to Terminate or Dissolve the Consent Decree (ECF NO. 96)". The State's Motion was filed into the record as a Motion to Intervene. On February 28, 2025, the court ordered that, "[t]he submission date of the State of Louisiana's Motion to Intervene (Rec. Doc. *112* ) is RESET to April 16, 2025. FURTHER ORDERED that opposition memoranda to the Motion to Intervene (Rec. Doc. 112 ) are due in accordance with the Local Rules." Rec. Doc. *130*

Sheriff Hutson did not file an opposition memorandum because the State failed to make any factual allegations, arguments, or offer any proof consistent with the factual burden for intervention. *See Louisiana v. Burgum*, 132 F.4th 918, (5th Cir. 2025). The State's "Motion to Terminate or Dissolve the Consent Decree" elaborates on the text of the underlying consent decree in this matter but fails to propound any factual basis for entitlement to be included as a party to the present action.

On April 11, 2025, the State filed there reply to Plaintiff's opposition memorandum where they included numerous additional arguments to support intervention. Many of the State's legal

1

assertions factually misrepresent Sheriff's Hutson's law enforcement role and the law enforcement role of the Orleans Parish Sheriff's Office. Of note, these inaccurate assertions were not included in the State's original Motion to Terminate or Dissolve the Consent Decree. Specifically, the State asserts that Sheriff Hutson's law enforcement interest are or may be contrary to that of the State. Notwithstanding this unsupported assertion, the State provides no information or factual basis to support contrary interests or inadequate representation.

Sheriff Hutson maintains that she has and will support the laws of the state, federal and local government in the execution of her role as Sheriff of Orleans Parish. Sheriff Hutson maintains that any assertion to the contrary is wholly false and inaccurate. In the State's reply they say, "[t]he question for intervention purposes is confined to this case-whether the State's 'interest relating to the …transaction that is the subject of the action' is inadequately represented by the existing parties to the suit." Rec. Doc. 132, pg. 7 citing *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014). To date, the State has not provided any fact to support that Sheriff Hutson has or will inadequately represented the State's interest in enforcement of local, state, and federal law.

There has been no formal or informal notice or accusation from any governmental entity that Sheriff Hutson has failed in her duty to execute her responsibility as Sheriff of Orleans Parish to faithfully execute the laws of our State. Sheriff Hutson does not consider a sound bite from a news article as a valid representation of her unwillingness or inability to execute the laws of our state. In the absence of relevant assertions of dereliction by Sheriff Hutson, Sheriff Hutson lacks the ability to refute the baseless claims of inadequate representation of the State's interest in the present matter. Moreso, Sheriff Hutson requests that the State make a showing of inadequate representation and entitlement to intervention consistent with the requirements outlined in the most recent 5th Circuit intervention opinion, *State v. Burgum. supra.*

**WHEREFORE,** Sheriff Susan Hutson prays that this honorable court consider her sur reply and require the State of Louisiana to make factual showing of why the State's interests are not adequately represented by Sheriff Hutson and the Orleans Parish Sheriff's Office.

Respectfully submitted,

/s/ John S. Williams
JOHN S. WILLIAMS (# 32270)
Chief of Staff
ORLEANS PARISH SHERIFF'S OFFICE
2800 Perdido Street
New Orleans, LA 70119
Telephone: (504) 202-9217
Email: williamsjo@opso.us

Attorney for SUSAN HUTSON, SHERIFF OF ORLEANS PARISH

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 25, 2025, a copy of the foregoing was served upon all counsel of record via the court's CM/ECF system.

/s/JOHN S. WILLIAMS

JOHN S. WILLIAMS