UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO and ANTONIO OCAMPO, <br><br>　　　Plaintiffs, <br><br>　v. <br><br>SHERIFF MARLIN N. GUSMAN, Orleans Parish Sheriff, <br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. 2:11-cv-225-SS<br>)<br>)<br>)<br>)<br>) |

The United States respectfully submits this supplemental statement of interests pursuant to 28 U.S.C. § 517. *See* Statement of Interests at 1 n.1, ECF No. 134.

**SUPPLEMENTAL STATEMENT OF INTERESTS OF THE UNITED STATES**

Judicial action on Louisiana's pending Motion to Intervene and Motion to Terminate the Consent Judgment is urgently needed. As long as the Consent Judgment stands, the Orleans Parish Sheriff's Office ("OPSO") will continue to disregard immigration detainers in almost all cases. As the attached declaration reflects, the OPSO's disregard for immigration detainers endangers the community. The United States seeks to abate the danger without delay.

In the last four fiscal years (including FY2025 to date), the OPSO has honored only 1.2% of immigration detainers. Decl. of SDDO Sean Braud ("Decl.") ¶¶ 4–5, Ex. A. This disregard has caused dangerous individuals to be released into the community rather than taken into U.S. Immigration and Customs Enforcement ("ICE") custody, placed into removal proceedings, and potentially removed from the United States. *See id.* ¶¶ 6–22.

The declaration exemplifies the harm that can occur when the OPSO disregards detainers. For example, in 2024, the OPSO disregarded a detainer for Darwin Gonzalez Muñoz and released him without notifying ICE. *Id.* ¶ 7. Muñoz plainly posed a significant threat to the community —

1

he had been charged with aggravated domestic abuse, domestic abuse with battery, and domestic abuse involving strangulation. *Id.* ¶ 6. If the OPSO had notified ICE that it was releasing Muñoz, ICE could have taken him into custody in a secure facility. Instead, after he was released, Muñoz cut his GPS monitoring device and absconded. *Id.* ¶ 8. The U.S. Marshal's Service ("USMS")'s Fugitive Taskforce subsequently arrested Muñoz in Texas. *Id.* ¶ 9. The OPSO's disregard for the detainer thus caused the USMS to expend resources and exposed officers and the public to dangers that otherwise would have been avoided.

Muñoz's case is just one example of the danger that the public and law enforcement officers face when the OPSO disregards detainers. The declaration indeed attests to five other cases in which the OPSO ignored detainers and released individuals who had been arrested for serious crimes. *Id.* ¶¶ 10–22. These cases are only a fraction of the total. *See id.* ¶ 5.

The United States has a pressing interest in ending this situation without delay. And the situation will persist as long as the Consent Judgment remains in effect.

Dated: July 23, 2025

MICHAEL M. SIMPSON
Acting United States Attorney

RENEE E. GOUDEAU (# 33157)
BROCK D. DUPRE (# 28563)
PETER M. MANSFIELD (# 28671)
Assistant United States Attorneys
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3047
Facsimile: (504) 680-3184
Renee.Goudeau@usdoj.gov
Peter.Mansfield@usdoj.gov
Brock.Dupre@usdoj.gov

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY NICASTRO
Acting Director
Office of Immigration Litigation
General Litigation and Appeals Section

MATTHEW SEAMON
Senior Litigation Counsel

STEPHANIE L. GROFF
Trial Attorney

*/s/ Julian M. Kurz*
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
General Litigation and Appeals Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-7283
Facsimile: (202) 305-7000
julian.m.kurz@usdoj.gov