## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MARIO CACHO AND ANTONIO
OCAMPO,

PLAINTIFFS,

v.

SHERIFF MARLIN N. GUSMAN,
ORLEANS PARISH SHERIFF,

DEFENDANT.

Civil Action No. 2:11-cv-225

Judge: Hon. Janis Van Meerveld

## THE STATE OF LOUISIANA'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO INTERVENE

## INTRODUCTION

The State's Motion to Intervene has been pending for nearly a year—and six months have passed since oral argument on the State's Motion. ECF Nos. 112, 145. In that time, the United States submitted sworn evidence conclusively establishing that the Orleans Parish Sheriff's Office continues to disregard virtually all federal immigration detainers in violation of state law and to the detriment of public safety. ECF Nos. 146-1, 148. That non-compliance persists only because the consent judgment forbids the Sheriff from doing what state law requires—so said the Sheriff herself: "If that consent judgment goes away, we will follow state law[.]" WWLTV, *FULL DEBATE: Orleans Parish sheriff candidates face off on jailbreak, crime & trust*, (Sept. 4, 2025), t.ly/2POen, at 34:54–35:52.

"[T]he impact of the submission of the United States on the 'practical impairment' prong of the test for intervention under Federal Rule of Civil Procedure 24(a)(2)," ECF No. 147, is thus that the State's intervention should now be a foregone conclusion. As the United States' sworn declaration confirms, OPSO is honoring less than two percent of detainers and repeatedly releasing violent offenders in open defiance of state law. ECF No. 148 ¶¶ 4–5; *see* La. R.S. 14:134(5)–(6) & 33:81 *et seq*. And that is before even considering that the Supreme Court has instructed that "federal courts should rarely question that a State's interests will be practically impaired or impeded" if it cannot intervene. *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 192 (2022). Respectfully, this is as straightforward an intervention motion as Rule 24 could present: The record conclusively establishes every element as a matter of both law and fact, and continued delay only extends a consent judgment

2

that is as dangerous as it is unlawful. The State's most fundamental duty is to protect its people, and the continued sidelining of the State in this litigation prevents it from doing just that.

Because the almost-year-long pendency of the State's Motion to Intervene amounts to an effective denial in the midst of ongoing harm, the State respectfully notifies the Court that it will notice an appeal with the Fifth Circuit on November 12, 2025, from that effective denial. *See, e.g.*, *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 420–22 (5th Cir. 2002); *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 532–36 (5th Cir. 2024); *accord Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006) (citing *Americans United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990); *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)).

## ARGUMENT

### I. Because the State of Louisiana Is Not Subject to Presumptions Against Intervention, It Is Entitled to Intervene as of Right.

**A.** The State has "a legitimate interest in the continued enforceability of its own statutes," *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277 (2022) (citation omitted), in its "authority … to structure its executive branch," *id.*, and in maintaining its "absolute discretion" over its political subdivisions, *Holt Civic Club v. Tuscaloosa*, 439 U.S. 60, 71 (1978) (citing *Hunter v. Pittsburgh*, 207 U.S. 161, 178 (1907)). Louisiana has exercised that sovereign prerogative through statutes that require local law enforcement agencies—including the Orleans Parish Sheriff's Office—to cooperate with all federal immigration detainers, La. R.S. 33:81 *et seq.*, and

3

failure to do so is criminal malfeasance in office, La. R.S. 14:134(5)–(6). The State plainly has an interest in ensuring that its political subdivisions comply with those mandates and do not frustrate the enforcement of state law.

**B.** The State's sovereign interests are inadequately represented by the Orleans Parish Sheriff's Office. Even if that were not so as a matter of law, *see Berger*, 597 U.S. at 192, the Sheriff has repeatedly and publicly announced her intent to disregard state law in favor of the consent decree through the end of her term. *E.g.*, Bobbi-Jean Misick, *Orleans sheriff to stick with immigration policy in spite of new state law*, Louisiana Illuminator (July 11, 2025), t.ly/2CNRb; *see supra* WWLTV Orleans Parish Sheriff Debate at 33:23–33:51. The office's conduct matches her words: Every two weeks, OPSO receives and ignores another detainer request, *see* ECF No. 148 ¶¶ 4–5. Those refusals have resulted in the release of violent criminals onto Louisiana streets. *See id.* ¶¶ 6–9 (domestic abuse by strangulation), 10–12 (murder), 13–14 (domestic abuse and child endangerment), 15–16 (aggravated assault with a firearm), 17–20 (driving under the influence and aggravated assault with a firearm), 21–22 (assault). The Sheriff's interests clearly diverge from the State's, leaving its sovereign interests unrepresented in this case.

**C.** The ongoing reality that the State is sidelined as its political subdivision defies state law and endangers the public is, by itself, sufficient proof that the State's "interest *may* be impaired" by denial of intervention. *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 307 (5th Cir. 2022) (emphasis added); *see Gen. Land Off. v. Trump*, No. 24-40447, 2025 WL 1410414, at *9 (5th Cir. May 15, 2025) ("[W]ould-be

intervenors 'do not need to establish that their interests *will* be impaired,' but rather 'only that the disposition of the action "may" impair or impede their ability to protect their interests.'" (quoting *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014)). As the Supreme Court has made clear, while "a presumption of adequate representation might sometimes be appropriate when a private litigant seeks to defend a law alongside the government or in any other circumstance," "a presumption of adequate representation is inappropriate when a duly authorized state agent seeks to intervene to defend a state law." *Berger*, 597 U.S. at 197. The upshot is that the State long ago satisfied its minimal burden and was never required to submit affirmative proof of *actual* impairment to intervene in this matter.

Even so, under that artificially heightened standard, the record now provides proof in abundance. Since Act 314 took effect in May 2024—and even after the Legislature made noncompliance a felony in August 2025—the Orleans Parish Sheriff's Office has received over 100 immigration detainers from U.S. Immigration and Customs Enforcement and (at most) honored just 2 of them, ECF No. 148 ¶¶ 4– 5, while repeatedly releasing dangerous offenders in open defiance of state law, *e.g.*, *id.* ¶¶ 17–22. At that pace, at least six more violent offenders have walked free under active immigration detainers since the United States first filed its declaration in July 2025. *See* ECF No. 146. This ongoing noncompliance demonstrates that the State's sovereign interests are actually, and presently, being impaired by its non-participation, making intervention both necessary and overdue.

## II.    Alternatively, the State Remains Entitled to Permissive Intervention.

Even if intervention of right were somehow unwarranted, permissive intervention is plainly appropriate. The State's defenses share common questions of law and fact with the main action, and no party faces any undue delay or prejudice from its participation. *See* Fed. R. Civ. P. 24(b).

## CONCLUSION

The Court should grant the State's motion to intervene.

Dated: October 22, 2025                    Respectfully submitted,

                                           ELIZABETH B. MURRILL
                                           **Attorney General of Louisiana**

                                            */s/ Zachary Faircloth*
                                           ZACHARY FAIRCLOTH (LA 39875)
                                             Principal Deputy Solicitor General
                                           OFFICE OF THE LOUISIANA ATTORNEY
                                           GENERAL
                                           1885 North Third Street
                                           Baton Rouge, LA 70802
                                           Telephone: (225) 421-4088
                                           Facsimile: (225) 326-6795
                                           FairclothZ@ag.louisiana.gov

                                           *Counsel for the State of Louisiana*