UNITED STATES DISTIRCT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO and ANTONIO OCAMPO, )<br>)<br>　Plaintiff, )<br>)<br>v. )<br>) Case No. 2:11-cv-225-SS<br>SHERIFF MARLIN N. GUSMAN, Orleans )<br>Parish Sheriff, )<br>)<br>　Defendant. )<br>_____) | |

**DEFENDANT OPSO'S BRIEF ON FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**

Pursuant to this Court's order issued on September 30, 2025, Defendant, Orleans Parish Sheriff Susan Hutson (hereinafter "Orleans Parish Sheriff Office" or "OPSO") submits this brief concerning Federal Rule of Civil Procedure 24(a)(2) as follows:

Intervention may be either "of right" or permissive under Federal Rule of Civil Procedure 24. And for intervention of right, Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fifth Circuit precedent establishes that "the inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application... [and] intervention of right must be measured by a practical rather than technical yardstick." *U.S. v. Texas E. Transmission Corp.*, 923 F.2d 410 (5th Cir. 1991) citing *United States v. Allegheny–Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). Accordingly, a movant seeking to intervene under Rule 24(a)(2) must demonstrate that (1) it timely applied for intervention; (2) it has an interest relating to the property

1

or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability to protect that interest; and (4) it is inadequately represented by the existing parties. *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)). "In the absence of any of these elements, intervention as of right must be denied." *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005) (citing *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995)). As for the practical impairment prong, in matters concerning a consent decree and/or judgment, the Fifth Circuit has held that, "[i]n order to show entitlement to intervention of right under Rule 24(a)(2), [a State] must demonstrate an interest in the subject matter of the action and that its disposition may realistically impair that interest." *U.S. v. Texas E. Transmission Corp.*, 923 F.2d 410 (5th Cir. 1991), also see *D.C. v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227 (D.D.C. 2011).

Here, the State alleges its interest as the "enforceability of its own statutes" and "maintaining its "absolute discretion" over its political subdivisions." See Rec. Doc. 150, pg. 3. However, the State fails to set forth any realistic impairment or impediment to the State's ability to enforce said interest. In fact, the state statutory regimes[1] that are relied upon by the State in its Supplemental Brief in Support makes clear the proper procedural mechanisms for seeking any such declaratory or injunctive relief against purported noncompliance with the subject state laws.[2] Of course, under the relied upon statutory regimes, the State would be forced to proof its claims of noncompliance through a legal process designed for obtaining more accuracy and evidence tested against cross-examination, counterevidence, and defenses in state court. Instead, however, the State has pursued its motions to intervene and dismiss in this case aiming to rapidly reach a

---

[1] See La. R.S. 33:81 et seq. and La. R.S. 14:134.
[2] See La. R.S. 33:85.

certain end, and all while attempting to force reliance on the State's one-sided and untested "facts" against OPSO's right to due process under the subject state laws.

Because no provision or effect of the subject consent decree and/or judgment neither practically nor realistically impairs or impedes the State from seeking enforcement in state court against claims of OPSO noncompliance with the subject state laws, the State's motion to intervene should be wholly denied.

**RESPECTFULLY SUBMITTED,**
**ORLEANS PARISH SHERIFF'S OFFICE**

*/s/ Tracey J. Comeaux*

_____
TRACEY J. COMEAUX (LSBA No. 38700)
Chief Legal Officer
Comeauxt@opso.us
JOHN S. WILLIAMS (LSBA No. 32270)
Chief of Staff and Legal Counsel
Williamsjo@opso.us
2800 Perdido Street
New Orleans, LA 70119
(504) 822-8000 office
(504) 202-9454 facsimile
COUNSEL FOR SHERIFF HUTSON
-PUBLIC ENTITY/FEE EXEMPT-
(See La. R.S. 13:4521 & 13:5112)