UNITED STATES DISTIRCT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO and ANTONIO OCAMPO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SHERIFF MARLIN N. GUSMAN, Orleans )<br>Parish Sheriff, )<br>)<br>Defendant. )<br>) | Case No. 2:11-cv-225-SS |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CONSOLIDATE**

**MAY IT PLEASE THE COURT**:

Defendant Orleans Parish Sheriff Susan Hutson (hereinafter "OPSO") seeks to consolidate the case captioned *United States of America v. Susan Hutson, in her official capacity as Orleans Parish Sheriff,* Miscellaneous Case No. 26-0113[1] into the instant, first-filed lawsuit as permitted under Rule 42(a) of the Federal Rules of Civil Procedure.

In determining whether to consolidate cases, a district court must consider "(1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are common questions of law and/or fact; (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *Longhai Desheng Seafood Stuff Co. v. Louisiana Newpack Shrimp Co., Inc.*, No.

---

[1] See "Exhibit A."

CV 20-782-WBV-KWR, 2020 WL 12814847, at *1 (E.D. La. May 29, 2020). Courts also consider whether "the cases are at different stages of preparation for trial, which further weighs against consolidation." *Moore v. Allied Tr. Ins. Co.,* No. CV 23-2897, 2024 WL 4370869, at *2 (E.D. La. Oct. 2, 2024).

I. **The actions are pending before the same court**

Both *United States of America v. Susan Hutson* and the instant matter are pending before the Eastern District of Louisiana.

II. **There are common parties**

OPSO is a party to both *United States of America v. Susan Hutson* and the instant first – filed action. While the United States is not a party to *Cacho*, it has filed two statements of interests and attended an intervention hearing, already very much an active participant in the instant firsts-filed case. *See* Dkt. 134, 146, 148.

III. **There are common questions of law or fact**

The key test for making this determination is not whether all questions of law or fact are identical, but rather whether the answer to those questions are "interconnected" or "intertwined." *Henry v. Maxum Indem. Co.*, No. CV 20-2995-WBV-JVM, 2022 WL 15626272, at *4 (E.D. La. Mar. 18, 2022). Considering consolidation here, the key question of law is the same in both cases: whether the *Cacho* consent judgment is automatically stayed pursuant to the PLRA. *See* Dkt. 164 at 8, 171 at 4; Memorandum in Support of Petition to Enforce Administrative Subpoenas, *United States v. Hutson*, No. 26-CV-0113, Dkt. 1-1 at 15. (E.D. La Jan. 16, 2026). In addition, the consent judgment provides that "any dispute related to this Consent Judgment be submitted to mediation… before being brought to the Court." Dkt. 98 ¶ 9. As such, should OPSO comply with the administrative subpoenas, Plaintiffs would trigger mediation and potential litigation pursuant to paragraph nine of the consent judgment. The legal issue in those proceedings would be exactly the

same as the core issue at play in *United States v. Hutson*: whether the current OPSO policy and consent judgment prohibit OPSO from bringing noncitizens to ICE for interviewing or arrest and releasing information about them to ICE.

Specifically, the *United States* alleges in its petition that OPSO will not comply with its subpoenas because the *Cacho* consent judgment prohibits it from doing so and that the consent judgment "policy, on its face, pertains only to Form I-247 detainer requests for a 48-hour hold." *Hutson*, No. 26-CV-0113, Dkt. 1-1 at 16. However, the policy actually prohibits OPSO from "initiat[ing] any immigration status investigation into individuals in OPSO custody or affirmatively provide information on an inmate's release date or address to ICE," permitting ICE to enter "into the secure area of the Intake and Processing Center" and "allow[ing] ICE to conduct civil immigration status investigations at OPSO or otherwise interview an inmate before the detainee's first appearance." As a question of whether the current *Cacho* policy prohibits compliance with ICE's subpoenas are core issues in both cases, the legal questions in both cases are "interconnected" and "intertwined."

IV. **There is risk of prejudice or confusion if the cases are consolidated, and if so, the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are handled separately**

There is no prejudice or confusion even though the claims don't overlap completely because "actions maintain their separate identity even if consolidated." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir.1993). The primary concern is whether there is a "heightened risk that a jury may become confused" by the disparate claims. *Moore*, 2024 WL 4370869, at *2. For these matters, there would be no jury or trial. On the other hand, if two courts may reach separate factual and legal conclusions about similar claims, "the risk of inconsistent adjudications would be substantial." *Danos v. Boh Bros. Constr. Co.,* No. CV 10-1469, 2010 WL 11538659, at *3 (E.D. La. July 21, 2010). Under the consent judgment, any party may bring a claim concerning the proper

3

interpretation of the OPSO policy before this court. Dkt. 95-2 ¶ 16. As such, allowing the United States' new action to proceed to determine the scope of this Court's consent judgment would conflict with any action that a party would file here.

V. **Consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately.**

One key consideration is whether a case be transferred from a new judge to one "who had already been involved with similar parties and claims." *Cook v. City of Dallas,* 683 F. App'x 315, 322 (5th Cir. 2017). Here, this Court has considered the scope of the consent decree for a year. OPSO is a party to this litigation and the United States has weighed in multiple times. The judge in the newly filed action is unfamiliar. In addition, the *United States v. Hutson* judge would have to decide the PLRA issue when the issue is already fully briefed in the instant action. Both judges would potentially have to brief whether the consent judgement prohibits compliance with ICE's subpoenas.

VI. **Same stage of preparation for trial**

There is no right to trial in either case. Subpoena enforcement proceedings are summary in nature. *See Burlington N. R.R. v. Office of Inspector Gen.,* 983 F.2d 631, 637 (5th Cir.1993).

**WHEREFORE**, Defendant Sheriff Susan Hutson prays that this court enters an Order granting Defendant's Motion to Consolidate, consolidating Miscellaneous Case No. 26-0113 into the instant lawsuit having Case No. 2:11-cv-225-SS, and administratively closing Miscellaneous Case No. 26-0113.

**RESPECTFULLY SUBMITTED,**
**ORLEANS PARISH SHERIFF'S OFFICE**

*/s/ Tracey J. Comeaux*

_____
**TRACEY J. COMEAUX** (LSBA No. 38700)
Chief Legal Officer
Comeauxt@opso.us
**JOHN S. WILLIAMS** (LSBA No. 32270)
Chief of Staff and Legal Counsel
Williamsjo@opso.us
2800 Perdido Street
New Orleans, LA 70119
(504) 822-8000 office
(504) 202-9454 facsimile
COUNSEL FOR SHERIFF HUTSON
-PUBLIC ENTITY/FEE EXEMPT-
(See La. R.S. 13:4521 & 13:5112)

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of February, 2026 filed a copy of the foregoing pleading with the Clerk of Court using the CM-ECF system, which sent electronic notification of such filing to all counsel of record in both Case No. 2:11-cv-225-SS and Case No. 26-0113.

*/s/ Tracey J. Comeaux*
_____
**TRACEY J. COMEAUX** (LSBA No. 38700)