# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| **v.** | * | **NO.** 26-CV-0113 |
| **SUSAN HUTSON, in her official capacity as** | * | **JUDGE** |
| **ORLEANS PARISH CRIMINAL SHERIFF** | | |
| | * | **MAG. JUDGE** |

## PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS

**NOW INTO COURT,** through the undersigned Assistant United States Attorneys, comes petitioner, the United States of America, on behalf of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), and respectfully submits its petition to enforce administrative subpoenas served upon subordinate officers of respondent, Susan Hutson, in her official capacity as Orleans Parish Criminal Sheriff, for production of documents and witnesses in her custody and control.

## Parties, Jurisdiction, and Venue

### 1.

Petitioner is the United States of America, acting through DHS-ICE, and proceeding in its sovereign capacity. ICE is responsible for the investigation, arrest, detention, and removal of aliens within the United States. *See* 6 U.S.C. § 251 (transferring to the Secretary of Homeland Security functions relating to the inspection, investigation, detention, and removal of aliens); *Clark v. Suarez Martinez*, 543 U.S. 371, 374 n.1 (2005) (noting that the powers of investigation and detention of aliens formerly provided to the Attorney General were transferred to the Department of Homeland Security and its components, including ICE).

2.

Respondent is Susan Hutson, in her official capacity as Orleans Parish Criminal Sheriff.

3.

Jurisdiction is proper under 28 U.S.C. §§ 1331, 1345, and 8 U.S.C. § 1225(d)(4)(B), which provides for a subpoena-enforcement action to be filed in "[a]ny United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer…." The investigation of the subjects referenced in the attached administrative subpoenas is being conducted in Orleans Parish, which is within the Eastern District of Louisiana. *See* Declaration of ICE Deputy Field Office Director at p. 3, ¶¶ 10–11.

4.

Venue is proper in this district under 8 U.S.C. § 1225(d)(4)(B) because ICE is conducting its investigation within the Eastern District of Louisiana, *see id.*, and under 28 U.S.C. § 1391(b)(1) because respondent is located in this district.

**Facts**

5.

Beginning in October 2025 and continuing through January 2026, ICE has issued and served on respondent 20 administrative subpoenas for documents and witnesses under respondent's custody and control. *See* declaration at pp. 7–15 and attached exhibits 1 through 20 (administrative subpoenas).

6.

These administrative subpoenas were issued to aid ICE's enforcement of federal immigration laws, which include the determination of criminal aliens' location and their potential for arrest and removal.

7.

To date, respondent has not complied with ICE's administrative subpoenas. Further, respondent's representatives have indicated to ICE that its noncompliance is based upon terms outlined in the Orleans Parish Sheriff's Office's policy governing ICE procedures, which was adopted as part of a settlement agreement and federal consent decree in a prior civil-rights action captioned *Cacho v. Gusman*, No. 11-225 (E.D. La.), Div. 1 at Rec. Doc. 95-3. Declaration at p. 17, ¶ 90.

8.

Respondent's *Cacho* policy doesn't justify its refusal to comply with ICE's administrative subpoenas for several reasons. First, on its face, the *Cacho* policy pertains only to Form I-247 detainer requests for a 48-hour hold issued under authority of 8 C.F.R. § 287.7 and 8 U.S.C. § 1357(d)(3). The *Cacho* policy is silent as to respondent's obligation to respond to administrative subpoenas for testimony and documents issued under authority of 8 U.S.C. § 1225(d)(4)(A). Second, respondent is not in compliance with its own *Cacho* policy. Several aliens identified in outstanding administrative subpoenas have, in fact, been charged with one of the qualifying state-law offenses identified in the policy as triggering cooperation with ICE detainer requests. Declaration at p. 8, ¶ 31 & p. 12, ¶ 60. Third, the consent decree in *Cacho* is subject to a current motion to dissolve filed by an intervenor, the State of Louisiana, that has been pending for more than 30 days. *Cacho v. Gusman*, No. 11-225 (E.D. La.), Div. 1 at Rec. Doc. 157. For that reason, the terms of the consent decree are stayed by operation of the Prison Litigation Reform Act, 18 U.S.C. § 3626(e). *See id*. at Rec. Doc. 161.

## **Cause of Action**

9.

In 8 U.S.C. § 1225(d)(4)(A), Congress has authorized immigration officers to "require by subpoena the attendance and testimony of witnesses before immigration officers and the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service." The term "this chapter" in the statute broadly refers to Title 8, United States Code, Chapter 12 ("Immigration and Nationality"), which encompasses 8 U.S.C. §§ 1101–1537, and the "Service" now refers to the U.S. Department of Homeland Security.

10.

The Supreme Court has held that an administrative subpoena "is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950); *accord McLane v. EEOC*, 581 U.S. 72, 77 (2017) (holding that if the information sought by an administrative subpoena is relevant to the agency's inquiry, "the district court should enforce the subpoena" unless the subpoena "is too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome (cleaned up)).

11.

Under these standards: (a) ICE's issuance of the subpoenas was "within the authority of the agency"; (b) the demand in ICE's subpoenas for testimony and documents was specific and thus "not too indefinite"; and (c) the witnesses and documents sought are "reasonably relevant" to those investigations. *Morton Salt*, 338 U.S. at 652.

12.

For these reasons, respondent has no justification, under its *Cacho* policy or otherwise, for refusing to comply with the subpoenas; the Court should enforce them accordingly.

## **Prayer for Relief**

**WHEREFORE**, the United States prays that its petition be deemed sufficient and that the Court enter an order:

1. Directing respondent to show cause in a summary proceeding why it should not produce the witnesses and documents as referenced in the 20 administrative subpoenas from ICE under 8 U.S.C. § 1225(d)(4)(B); and

2. In the absence of legally sufficient good cause for its noncompliance under the *Morton Salt* standard, directing respondent to produce the witnesses and documents as referenced in the 20 administrative subpoenas from ICE under 8 U.S.C. § 1225(d)(4)(B); and

3. Awarding the United States any costs incurred in maintaining this civil action, and for any further relief the Court deems proper.

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*

PETER M. MANSFIELD (#28671)
BROCK D. DUPRE (#28563)
Assistant United States Attorneys
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130-7212
Telephone: (504) 680-3047
Email: Peter.Mansfield@usdoj.gov
Brock.Dupre@usdoj.gov

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| **v.** | * | **NO. 26-CV-0113** |
| **SUSAN HUTSON, in her official capacity as** | * | **JUDGE** |
| **ORLEANS PARISH CRIMINAL SHERIFF** | | |
| | * | **MAG. JUDGE** |

## MEMORANDUM IN SUPPORT OF
## PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS

### I.    Introduction and summary of the argument

**MAY IT PLEASE THE COURT**: Congress has granted the United States Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) authority to issue administrative subpoenas to aid its statutory mandate to enforce federal immigration laws, which include the removal of inadmissible aliens. Under long-standing Supreme Court precedent, administrative subpoenas are judicially enforceable if they are "within the authority of" ICE, "not too indefinite," and seek "reasonably relevant" information. *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950). ICE has issued numerous administrative subpoenas to respondent, Susan Hutson, in her official capacity as Orleans Parish Criminal Sheriff, over the past few months seeking testimony from and documents about aliens and inmates in her custody, but respondent has refused to comply. Because ICE's administrative subpoenas satisfy the deferential *Morton Salt* standard and respondent lacks any good cause for its noncompliance, the Court should, for these reasons, grant the United States' petition and enforce respondent's compliance with the outstanding administrative subpoenas under penalty of contempt.

## II.    Facts and procedural background

### a.    ICE's statutory mandate and tools to enforce federal immigration laws

ICE enforces federal immigration laws. *See* Sect. III.c.i., *infra*; *see also* Ex. A at p. 2, ¶¶ 4–5 (Declaration of ICE Deputy Field Office Director). The agency prioritizes the apprehension, arrest, and removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls. *Id*. at p. 2, ¶ 5.

ICE has several statutory mechanisms that aid its enforcement of federal immigration laws. One is an immigration detainer. *Id*. at p. 3, ¶ 9. If ICE determines that a removable individual is in state or local custody, it will issue a detainer request that the law-enforcement agency: 1) notify ICE at least 48 hours before releasing the individual; and 2) maintain custody of the individual for up to 48 hours after the scheduled release date to allow ICE sufficient time to assume custody. *Id*. (citing 8 U.S.C. § 1357; 8 C.F.R. § 287.7). But respondent doesn't honor ICE detainer requests. *Id*. at p. 4, ¶¶ 12–13. Over the past four years, it has ignored 98.8% of ICE's 170 total detainer requests. *Id*.

### b.    ICE's administrative subpoenas

In addition to detainers, ICE also has statutory authority to issue administrative subpoenas for testimony and documents. *Id*. at p. 4, ¶ 14 (citing 8 U.S.C. § 1225(d); 8 C.F.R. § 287.4(c)). It has issued 20 total administrative subpoenas to respondent between October 2025 and January 2026, as further outlined below. *Id*. at ¶¶ 14, 20, & 75–85; *id*. at Ex. A.1–20 (administrative subpoenas).

### i. First round of administrative subpoenas for testimony from and documents concerning six aliens

ICE issued the first round of subpoenas to respondent for testimony from[1] and documents concerning six aliens for whom ICE had already issued detainers. *Id*. at p. 4, ¶ 15; *see also id.* at Ex. A.1, 3, 5, 7, 9, & 11 (first-round subpoenas). Each alien was in respondent's custody for state-law criminal charges. *Id*. at pp. 7–12. ICE had probable cause to believe that each may be subject to removal from the United States under federal immigration laws. *Id*. at p. 7, ¶ 23. The information sought was relevant to ICE's inquiries concerning alienage, potential adjustment of status and relief applications, mandatory detention, and potential federal criminal grounds supporting removability. *Id*. at pp. 4–5, ¶¶ 16–17; *id*. at pp. 5–6, ¶ 19.

### ii. Second round of administrative subpoenas clarifying prior document requests, adding three aliens, and setting firm return dates

In December 2025, ICE issued a second round of subpoenas. *Id*. at p. 6, ¶ 20. Six of those subpoenas identified the precise documents ICE sought concerning the same six aliens identified in the first round of subpoenas. *Id*. Specifically, ICE requested documents showing the respective alien's home and work addresses, country and date of birth, driver's license, passport, and FBI numbers, foreign ID cards, documents in possession at the time of arrest, emergency-contact information, bond information, arrest report, booking sheet, probable-cause statement, and other documents related to the respective criminal charge. *Id*.; *see also id*. at Ex. A.2, 4, 6, 7, 10, & 12 (second-round document subpoenas for six aliens in first round).

---

[1] To be clear, the subpoenas sought testimony from the aliens themselves, not from the respondent. But because ICE is unable to directly serve the aliens with administrative subpoenas while incarcerated, the subpoenas were served on the respondent as the aliens' custodian. Ex. 1 at p. 4, ¶¶ 14–16; *see also* LA. CODE CIV. PROC. art. 1235.1(A) ("Service is made on a person who is incarcerated in a jail or detention facility through personal service on the warden or his designee for that shift. The warden or his designee shall in turn make personal service on the person incarcerated.").

In this second round, ICE also served administrative subpoenas for this same class of documents regarding three additional aliens subject to detainer requests. *Id*. at p. 6, ¶ 21. These second-round subpoenas set a firm return date of January 2, 2026. *Id*. at p. 7, ¶ 22; *see also id*. at Ex. A.13–15 (second-round document subpoenas for three additional aliens).

### iii. Third round of administrative subpoenas for suspected-alien lists

Beginning in November 2025 through January 2026, ICE served five total administrative subpoenas on respondent for lists of then-current inmates in its custody who had failed to provide verifiable IDs indicative of lawful presence in the United States. *Id*. at p. 13, ¶ 75. These requests issued for ICE to learn the identities of potential aliens in respondent's custody who—unlike the nine aliens identified in the first two rounds of subpoenas—are not yet known to immigration officials as likely removable. *Id*. at p. 14, ¶ 76. ICE sought the respective inmate's name, date of birth, demographic information, address, driver's license, FBI, passport, and state ID number(s) (if applicable and available). *Id*. at p. 14, ¶ 79; *see also id*. at Ex. A.16–20.[2]

The latest return date on the final subpoena in this third round was January 14, 2026. *Id*. at p. 15, ¶ 84; *see also id*. at Ex. A.20.

### c. Respondent's response

To date, respondent hasn't produced any subpoenaed aliens for testimony, nor returned any responsive documents to any of the 20 administrative subpoenas identified in and attached to the declaration. *Id*. at ¶¶ 29, 36, 41, 48, 53, 58, 65, 69, 74, 86, & 91. ICE met via videoconference with respondent's representatives on January 7, 2026 to discuss and, hopefully, resolve the non-compliance. *Id*. at pp. 16–17, ¶¶ 87–90. Respondent indicated that it was bound by its own policy

---

[2]     ICE issued multiple requests for this same class of information because respondent's inmate lists are likely to change periodically. Ex. A at p. 15, ¶ 85.

on ICE procedures adopted in a settlement agreement and consent decree in *Cacho v. Gusman*, No. 11-225 (E.D. La.), Div. 1 at Rec. Doc. 95-3. *Id.* at p. 16, ¶ 90. In respondent's opinion, the *Cacho* policy prohibited compliance with ICE's then-outstanding subpoenas. *Id.*[3]

## III. Argument

### a. Standard of review

In 8 U.S.C. § 1225(d)(4)(A), Congress authorized immigration officers to "require by subpoena the attendance and testimony of witnesses before immigration officers and the production of books, papers, and documents relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the Service."

When a recipient of an ICE subpoena does not comply, as here, the Attorney General or immigration officer "may invoke the aid of any court of the United States" to enforce the subpoena. 8 U.S.C. § 1225(d)(4)(A). "Any United States district court within the jurisdiction of which investigations or inquiries are being conducted by an immigration officer may, in the event of neglect or refusal to respond to a subpoena issued under this paragraph . . . issue an order requiring such persons to appear before an immigration officer, produce books, papers, and documents if demanded, and testify[.]" 8 U.S.C. § 1225(d)(4)(B). "[A]ny failure to obey such order of the court may be punished by the court as a contempt thereof." *Id.*

"[I]t is settled that the requirements for judicial enforcement of an administrative subpoena are minimal." *Burlington N. R. Co. v. Off. of Inspector Gen., R.R. Ret. Bd.*, 983 F.2d 631, 637 (5th

---

[3]     The most-recent administrative subpoena from the third round for a list of inmates was due on January 14, 2026 – one week after ICE's meeting with respondent. *See* Ex. A at p. 15, ¶ 84. Given respondent's non-compliance with ICE's four prior administrative subpoenas seeking the same class of documentation, it is safely presumed that respondent's position on the *Cacho* policy applies equally to this final subpoenas as well.

Cir. 1993). The Supreme Court has held that an administrative subpoena "is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *Morton Salt*, 338 U.S. at 652; *accord McLane v. EEOC*, 581 U.S. 72, 77 (2017) (holding that if the information sought by an administrative subpoena is relevant to the agency's inquiry, "the district court should enforce the subpoena" unless it's "too indefinite, has been issued for an illegitimate purpose, or is unduly burdensome" (internal citation and quotation marks omitted)); *Winters Ranch P'ship v. Viadero*, 123 F.3d 327, 329–30 (5th Cir. 1997) ("When called upon to enforce an administrative subpoena, a court's role is limited to evaluating whether (1) the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome."); *N.L.R.B. v. Line*, 50 F.3d 311, 314 (5th Cir. 1995) (same).

### b. A summary proceeding is appropriate for judicial enforcement of administrative subpoenas.

The United States seeks judicial enforcement of administrative subpoenas through a summary proceeding under FED. R. CIV. P. 81(a)(5) that dispenses with service of a summons and associated delays for a response and hearing.

In general, the Federal Rules of Civil Procedure "apply to proceedings to compel testimony or the production of documents through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings." FED. R. CIV. P. 81(a)(5). This final quoted phrase permits courts to issue orders to modify other rules considering the summary nature of the proceeding. *See* FED. R. CIV. P. 81 advisory committee's note to 1946 amendment (explaining that this provision "allows full recognition of the fact that the rigid application of the rules in the proceedings may conflict with

the summary determination desired").

The Fifth Circuit "has consistently recognized the summary nature of administrative subpoena enforcement proceedings." *Burlington*, 983 F.2d at 637. "The effect of Rule 81(a)[5] is to give district courts discretion in a wide variety of subpoena enforcement proceedings to tailor the Federal Rules to the particular needs and purposes of the proceeding." *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992) (internal citation omitted). An action to enforce administrative demands, like tax summonses and the like, is "a most appropriate candidate for streamlined procedures." *Id.*; *see also United States v. Elmes*, 532 F.3d 1138, 1143–44 (11th Cir. 2008) (holding in a summons-enforcement proceeding that the district court had properly modified Rule 4 to require service of only the district court's order and the petition to enforce, and not a summons, because under Rule 81(a)(5) "the district court is plainly authorized to be flexible in its application of the civil rules").

For these reasons, the Court should address the United States' present petition to enforce administrative subpoenas in a summary proceeding that allows service of the petition, declaration, exhibits, and this memorandum without a summons, and sets a show-cause hearing and associated briefing deadlines for respondent.

### c. The administrative subpoenas satisfy the *Morton Salt* standard for judicial enforcement.

The *Morton Salt* standard is "deferential,"[4] "quite narrow,"[5] and "strictly limited";[6] the

---

[4]     *E.E.O.C. v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016).

[5]     *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (internal citation omitted).

[6]     *United States v. Armada Petroleum Corp.*, 562 F. Supp. 43, 48 (S.D. Tex. 1982) (internal citation omitted).

United States easily satisfies it here. *See, e.g.*, *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 878 (5th Cir. 1989) ("[A]n administrative agency's power to issue subpoenas as it performs its investigatory function is a broad-ranging one which courts are reluctant to trammel."); *United States Immigr. & Customs Enf't v. Gomez*, 445 F. Supp. 3d 1213 (D. Colo. 2020) (granting petition for judicial enforcement of ICE administrative subpoenas under § 1225(d)(4)(B) despite objections from local law enforcement); *United States of America v. Multnomah Cnty. Dep't of Cmty. Just., et al.*, No. 25-1784, 2025 WL 3267361 (D. Or. Nov. 24, 2025) (same).

### i. The administrative subpoenas are within ICE's authority.

The first element of the *Morton Salt* test is met because the administrative subpoenas are "within the authority of the agency." *Morton Salt*, 338 U.S. at 652.

The Supreme Court has recognized that the administrative-subpoena authority of a federal agency is broad because the purpose of an administrative subpoena is not adjudicative, but is instead a power "to inquire." *United States v. Clarke*, 573 U.S. 248, 254 (2014) (explaining that the purpose of an IRS summons "is not to accuse, much less to adjudicate, but only to inquire" (cleaned up)); *see also United States v. Powell*, 379 U.S. 48, 57 (1964) (discussing other agencies' administrative subpoena powers as a "power of inquisition" (quoting *Morton Salt*, 338 U.S. at 642–43)). Administrative agencies possess "powers of original inquiry" that allow them to "take steps to inform [themselves] as to whether there is probable violation of the law." *Morton Salt*, 338 U.S. at 642–43; *U.S. Dep't of Lab. v. Kast Metals Corp.*, 744 F.2d 1145, 1150 (5th Cir. 1984) ("The purpose of an administrative investigation is to uncover facts with an eye towards the potential initiation of an agency adjudication.").

ICE's statutory authority is not limited to determining the admissibility of aliens entering the United States. In § 1225(d)(4)(A), Congress empowered ICE to issue administrative subpoenas for documents that relate to whether an alien may reside in the United States, or to aid in the enforcement of the immigration laws as to aliens. In the relevant provision, Congress permitted such subpoenas to be issued "relating to the privilege of any person to enter, reenter, reside in, or pass through the United States or concerning any matter which is material and relevant to the enforcement of this chapter and the administration of the service…." 8 U.S.C. § 1225(d)(4)(A).[7]

Thus, section 1225(d)(4)(A) provides ICE with authority to demand information on matters "encompass[ing] the full range of subjects covered by the [the Immigration and Nationality Act of 1952]." *United States v. Minker*, 350 U.S. 179, 185–86 (1956). In *Minker*, the Supreme Court considered this provision as it appeared in a predecessor statute. It observed that the provision, when originally drafted, extended only to "documents touching the right of any alien to enter, reenter, reside in, or pass through the United States," but Congress later added language that "extended the subpoena power…." *Id*. at 184–85. The Court ruled that, after this amendment, the scope of this subpoena power could not reasonably be viewed as limited to matters relating "to an investigation pertaining to questions of admission and deportation" because "[t]he comprehensive addition of the clause 'or concerning any matter which is material and relevant to the enforcement of this Act and the administration of the Service', precludes such narrowing reading." *Id.* at 185. The Court observed that this subpoena provision did appear "in the immigration title" of the statute, but explained that "the title of a statute and the heading of a section cannot limit the plain

---

[7]  The "chapter" refers to Title 8, Chapter 12, of the United States Code, which encompasses, in Subchapter II, the topic of "Immigration," which in turn includes, in Part IV, the immigration statute's provisions related to "Inspection, Apprehension, Examination, Exclusion, and Removal" of aliens. *See* 8 U.S.C. Chapter 12, Subchapter II, Part IV, at §§ 1221-1232.

meaning." *Id.*[8]

Courts have observed since *Minker* that its holding precludes a narrow reading of ICE's subpoena power. *See United States v. Van*, 931 F.2d 384, 387 (6th Cir. 1991) ("Although [this subpoena provision] appears in a part of the Immigration Act that describes the powers of INS agents on border patrol, the Supreme Court has held that the addition of the clause 'or concerning any matter which is material and relevant to the enforcement of the Act' encompasses the full range of subjects covered by the statute" (citing *Minker*, 350 U.S. at 184-85)); *see also Sherman v. Hamilton*, 295 F.2d 516, 522 (1st Cir. 1961) (affirming district court's order enforcing subpoena under predecessor statute).

Here, ICE is investigating aliens who it has probable cause to believe are removable, *see* Ex. A at p. 7, ¶ 23, and seeks documents showing basic information relating to the identity, location, and recent criminal charges as to each alien. Ex. A at p. 6, ¶ 20. These matters fall within the broad scope of inquiry authorized by Congress in § 1225(d)(4)(A). And ICE is authorized to investigate such matters, as it's uncontested that "[u]nlawful entry and unlawful reentry into the country are federal offenses." *Arizona v. United States*, 567 U.S. 387, 395 (2012); *see also* 8 U.S.C. § 1182 (establishing various classes of inadmissible aliens, including illegal entrants, i.e., those "present in the United States without being admitted");  8 U.S.C. § 1227 (establishing grounds for removal); *Crane v. Johnson*, 783 F.3d 244, 247 (5th Cir. 2015) ("[A]liens may be removed if they were inadmissible at the time of entry, have been convicted of certain crimes, or meet other criteria

---

[8] *Minker* went on to address whether this provision gave immigration officers authority to question, as "witnesses," United States citizens facing denaturalization; the Court concluded that "considerations of policy" led it to interpret the provision as not providing this authority. 350 U.S. at 187–90. That holding does not apply here, as none of the aliens under investigation here are United States citizens facing denaturalization. *See generally* Ex. A at pp. 7–15 (ICE Deputy Field Office Director's declaration outlining information known regarding nine aliens identified in the first two rounds of subpoenas, and information sought in lists in the third round).

set by federal law." (quoting *Arizona*, *supra*)); *Texas v. United States*, 86 F. Supp. 3d 591, 657 (S.D. Tex.), *aff'd*, 809 F.3d 134 (5th Cir. 2015), *as revised* (Nov. 25, 2015) ("An alien is 'removable' if the alien has not been admitted and is inadmissible under Section 1182, or in the case of an admitted alien, the alien is deportable under Section 1227."); *Plyler v. Doe*, 457 U.S. 202, 220 (1982) ("[T]hose who elect to enter our territory by stealth and in violation of our law should be prepared to bear the consequences, including, but not limited to, deportation."); *cf.* 8 U.S.C. § 1357(a)(1) (granting ICE "power without warrant--to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States").

Because ICE is authorized to investigate these aliens, its subpoenas are authorized by § 1225(d)(4)(A). *See Multnomah*, 2025 WL 3267361, at *3 (citing *Minker* and holding that "HSI's subpoenas are enforceable under the law"); *Gomez*, 445 F. Supp. 3d at 1217 ("The Sheriff does not challenge ICE's general statutory authority to issue subpoenas."); *cf. United States v. Ragauskas*, No. 94-2325, 1994 WL 445465, at *2 (N.D. Ill. Aug. 12, 1994) (enforcing an administrative subpoena under § 1225 in an investigation of a permanent resident alien suspected of collaborating with the Nazis, and concluding that "[c]learly, the investigation is authorized by Congress for a legitimate purpose").

### ii.  The administrative subpoenas are not too indefinite.

The second element of the *Morton Salt* test is met because ICE's subpoenas are specific and not "too indefinite." *Morton Salt*, 338 U.S. at 652.

The definiteness requirement ensures that the records sought can be identified by their description in the subpoena. *Cf. Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 208 (1946) (explaining that a subpoena may be improper if there is "too much indefiniteness or breadth" in the request); *Perez v. Alegria*, No. 15-401, 2015 WL 4744480, at *3 (D. Kan. Aug. 11, 2015) (explaining that an administrative subpoena is sufficiently definite when "[a]ll of the categories of

information are sufficiently specific to enable" the recipient of the subpoena "to understand what information the [agency] seeks.").

Each subpoena here is sufficiently definite. For the testimonial demands, each testifying alien in respondent's custody is identified by name, date of birth, and A-file number. *See* first-round subpoenas at Ex. A.1, 3, 5, 7, 9, & 11. Likewise, the second- and third-round subpoenas for documents provide ample specificity on the precise responsive information sought to establish the alien or inmate's identification and criminal charge. *See* second- and third-round subpoenas at Ex. A.2, 4, 6, 8, 10, 12, & 13–20.

These subpoenas are sufficiently specific that they do not burden respondent by requiring it to review a wide array of materials and make complex judgments as to their potential responsiveness. *See Multnomah*, 2025 WL 3267361, at *3 (holding that ICE's administrative subpoenas were sufficiently definite when "[t]hey solicit discrete pieces of information and documents relating to nine individuals"). Indeed, respondent hasn't asserted any breadth, vagueness, scope, or burden objections. *See* Ex. A at p. 16, ¶ 90. To the contrary, its compliance objection is based exclusively on the *Cacho* policy, discussed below.

### iii.   The administrative subpoenas seek relevant evidence.

Finally, the third element of the *Morton Salt* test is met because the documents sought are "reasonably relevant" to the ongoing investigations. *Morton Salt*, 338 U.S. at 652.

Courts have made clear that the scope of information that may be sought by an administrative subpoena is much broader than the subpoena authority available during a judicial process. The Supreme Court held as much in *Morton Salt*, where a corporation challenged the authority of the Federal Trade Commission to issue administrative subpoenas. The corporation argued that the FTC's subpoena was too broad because it was "engaged in a mere 'fishing expedition' to see if it can turn up evidence of guilt." 338 U.S. at 641.

The Court rejected this argument and criticized prior cases that had "engraft[ed] judicial limitations upon the administrative process." *Id*. at 642; *see also id.* ("This case illustrates the difference between the judicial function and the [investigative] function the [FTC] is attempting to perform."). *Morton Salt* explained that administrative subpoenas can properly be based on "official curiosity" about whether a party has complied with the law. *See id.* at 652 ("Even if one were to regard the request for information in this case as caused by nothing other than official curiosity, nevertheless law-enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest.").

Accordingly, where an agency has the authority to issue an administrative subpoena to investigate a matter, "relevance" is given a broad meaning. *Multnomah*, 2025 WL 3267361, at *3 ("Courts have constructed the term 'relevant' capaciously" as applied to administrative subpoenas). The Supreme Court recognized this principle in *United States v. Arthur Young & Co.*, 465 U.S. 805 (1984), where it explained that when a statute permitted the IRS to "examine any books, papers, records or other data which may be relevant or material to a particular tax inquiry," the inquiry was "not to be judged by the relevance standards used in deciding whether to admit evidence in federal court," and that the IRS "should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense." *Id.* at 813–14 (cleaned up); *see also id.* at 815 ("Records that illuminate any aspect of the return … are therefore highly relevant to legitimate IRS inquiry."); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1984) (observing that the relevancy requirement in administrative investigations "is not especially constraining").

Here, ICE's subpoenas meet the requirement for "reasonable relevance" because the testimony and documents sought relate directly to the aliens under investigation. Ex. A at pp. 7–13. ICE has reasonably determined that the testimony and documents are relevant and

material to those investigations. *Id*. As explained above and in the accompanying declaration, the information sought will aid ICE in identifying the aliens in various ways, confirming their alienage, determining ways the aliens could be contacted or located, and ascertaining their recent criminal activity and history. *See* Ex. A at pp. 4–5, ¶¶ 16–17; pp. 5–6, ¶¶ 19–20; & p. 7, ¶ 23. This information will aid in determining whether the aliens are removable, in potentially securing their apprehension, in evaluating their dangerousness to ensure the safety of law-enforcement officers who may seek to apprehend them and the safety of the public, and in determining whether the aliens, if apprehended, may be appropriate for detention and criminal prosecution. *See generally id*. at pp. 5–6, ¶¶ 17–19.

In sum, the subpoenas meet all elements of the *Morton Salt* test. Because ICE had authority to issue the subpoenas, and the testimony and documents sought are both sufficiently definite and relevant to the agency's investigation, the Court should enforce the subpoenas. *Cf. Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943) (holding that a district court had a "duty" to order production of evidence sought by the Department of Labor through an administrative subpoena where "[t]he evidence sought was not plainly incompetent or irrelevant to any lawful purpose of the agency").

### d. Respondent's *Cacho* policy is not an impediment to enforcement.

Respondent has interposed its *Cacho* policy as an impediment to its compliance. Ex. A at p. 16, ¶ 90. This defense is meritless for several reasons.

First, respondent's policy, on its face, pertains only to Form I-247 detainer requests for a 48-hour hold issued under authority of 8 C.F.R. § 287.7 and 8 U.S.C. § 1357(d)(3), *see* Ex. A.24, not administrative subpoenas for documents under 8 U.S.C. § 1225(d)(4)(A), which issued in this case. *See Gomez*, 445 F. Supp. 3d at 1216 ("[T]he issue before the Court is not such [detainer] requests by ICE or the Sheriff's responses but, rather, the validity of the subject subpoenas.").

Second, respondent's policy allows, if not implicitly requires, compliance with ICE detainers for aliens charged with six specified state crimes. *See* Ex. A.24. In this instance, two of nine aliens identified in the first and second rounds of ICE's administrative subpoenas were, in fact, charged with one of these specified state crimes in the *Cacho* policy. *See id*. at p. 8, ¶ 31 & p. 12, ¶ 60. Thus, respondent is non-compliant with its own *Cacho* policy on detainers.

Third, the federal consent decree that yielded the *Cacho* policy is subject to a motion to dissolve filed by an intervenor, the State of Louisiana, that has been pending for more than 30 days. *See Cacho v. Gusman*, No. 11-225 (E.D. La.), Div. 1 at Rec. Doc. 157. For that reason, the State has asserted on the record that the terms of the consent decree are stayed by operation of the Prison Litigation Reform Act, 18 U.S.C. § 3626(e). *See id*. at Rec. Doc. 161; *Miller v. French*, 530 U.S. 327, 331 (2000). Respondent, a party to the pending motion practice in *Cacho*, hasn't objected to or contested the State's assertion.

## IV.    Conclusion

For these reasons, the Court should order respondent to appear at a show-cause hearing, submit timely briefing under the Court's local rules, and explain in a summary proceeding under Rule 81 why the United States' petition for judicial enforcement of administrative subpoenas should not be granted.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

DAVID I. COURCELLE
UNITED STATES ATTORNEY

*s/Peter M. Mansfield*

PETER M. MANSFIELD (#28671)
BROCK D. DUPRE (#28563)
Assistant United States Attorneys
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130-7212
Telephone: (504) 680-3047
Email: Peter.Mansfield@usdoj.gov
Brock.Dupre@usdoj.gov

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION** |
| **v.** | * | **NO.** 26-CV-0113 |
| **SUSAN HUTSON, in her official capacity as** | * | **JUDGE** |
| **ORLEANS PARISH CRIMINAL SHERIFF** | | |
| | * | **MAG. JUDGE** |

---

### DECLARATION OF BRIAN S. ACUNA, DEPUTY FIELD OFFICE DIRECTOR

---

I, Brian S. Acuna, declare as follows:

1. I am employed by the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO), as a Deputy Field Office Director (DFOD) over ICE's New Orleans Field Office. As DFOD, I am charged with the responsibility to manage several aspects of the immigration enforcement process, including the identification and arrest, transportation, detention, case management, and removal of aliens. I have served in this position since April 2022.

2. I have been employed in various capacities with ICE for 28 years. I previously served as the Acting Field Office Director in New Orleans, as an Acting Senior Executive Service Deputy Assistant Director for field operations activities in the Eastern United States, as a Unit Chief at the National Fugitive Operations Program and an Assistant Field Office Director in the New Orleans Field Office.

3. The statements in this declaration are based upon information known to me in the scope of my official duties with ICE.

Ex. A

4. ICE was established by Congress via the Homeland Security Act of 2022, and is charged with enforcement of more than 400 federal statutes. Its mission is to protect the United States from cross-border crime and illegal immigration that threaten national security and public safety. To carry out this mission, ICE focuses on enforcing federal immigration laws, preventing terrorism, and combating transnational criminal threats.

5. As an operational program of ICE, ERO is responsible for the planning, management, and direction of broad programs relating to the supervision, detention, and removal of aliens who are removable from the United States under federal immigration laws. ERO oversees programs and conducts operations to identify and arrest removable aliens, to detain these individuals when necessary, and to remove illegal aliens from the United States, consistent with the existing federal laws. ERO prioritizes locating, arresting, and the removal of convicted criminals, those who pose a threat to national security, fugitives, recent border entrants, and aliens who thwart immigration controls.

6. ERO manages all logistical aspects of the removal process, including transportation, detention, alternatives to detention programs, bond management, and supervised release.

7. In order to complete its mission, ERO routinely requests information from local, state, and federal law-enforcement agencies and interviews with inmates in their custody in order to make removability determinations, to prepare for targeted arrests, and to determine the location of criminal aliens. ERO also serves administrative subpoenas upon local and state custodians of prisons and jails where removable aliens may be located to produce those aliens as witnesses under subpoena for examination as authorized by federal law.

8.  In investigating aliens for potential removal or criminal prosecution, ERO uses nationwide electronic databases including, most notably, the National Crime Information Center (NCIC) database.  The NCIC database contains biometric information concerning aliens, such as fingerprint records, physical descriptions, nationality, known aliases, and, sometimes, address information and criminal history.  However, the address information available in NCIC is often not up to date, and the criminal-history information available is typically in the form of a list of arrests, charges, convictions, and sentences that contains little or no factual information concerning the underlying crimes. For that reason, ERO must often utilize other resources authorized by law to discover relevant information pertaining to criminal histories of aliens who may be potentially removable.

## BACKGROUND ON ENFORCEMENT EFFORTS INVOLVING ORLEANS PARISH SHERIFF'S OFFICE

9.  If ICE determines that an individual in state or local custody is potentially removable, one mechanism available under federal law is the issuance of an Immigration Detainer – Notice of Action (DHS Form I-247A). Two requests of the  law-enforcement agencies receiving the detainer are (1) notify ICE at least 48 hours before releasing the individual, and (2) maintain custody of the individual for up to 48 hours beyond the scheduled release date to allow ICE to assume custody.[1]

10. ERO New Orleans's Area of Responsibility includes Orleans Parish.

11. Upon information and belief, the Orleans Parish Sheriff's Office (OPSO), acting at the direction of current Criminal Sheriff Susan Hutson, maintains custody of individuals who are arrested and charged with criminal offenses within Orleans Parish; awaiting trial,

---

[1] *See generally* 8 U.S.C. § 1357; 8 C.F.R. § 287.7.

sentencing, and various court proceedings before the Criminal District Court for the Parish

of Orleans; and have been convicted and are serving sentences for state or local offenses,

typically arising out of crimes committed within Orleans Parish.

12. In fiscal years 2022 to 2025, ICE submitted the following numbers of detainers to the

OPSO:

| | |
|---|---|
| FY2022: | 25 |
| FY2023: | 38 |
| FY2024: | 82 |
| FY2025: | 25 |
| Total: | 170 |

13. From FY2022 to FY2025, the OPSO honored two detainers and did not honor

168 detainers (an acceptance rate of just 1.2%).

## UTILIZATION OF TITLE 8 SUBPOENAS

14. Based upon OPSO's prior failures to honor ICE detainers, ERO issued Immigration

Enforcement Subpoenas to OPSO during the months of October 2025 through December

2025. These subpoenas were issued under the authority of 8 U.S.C. § 1225(d) and 8

C.F.R. § 287.4(c) regarding nine identified aliens on whom ICE also issued detainers.

All subpoenas were served on the aliens' custodian, OPSO, by ERO.  The OPSO

acknowledged receipt of the subpoenas.

15. The first set of subpoenas were issued in the cases of individual aliens seeking: (1) the

production of the aliens themselves as a witness to ERO; and (2) production of

documents associated with that alien.

16. The aliens themselves are crucial witnesses to active immigration enforcement cases

within the scope of ICE-ERO's statutory authority as information about alienage,

potential adjustment of status, and relief applications are best obtained from that alien

him/herself through oral communication with ERO officers.

17. Additionally, as for each alien, ERO's subpoenas also sought identification documents as to the subject.  Documents often provide essential information about alienage and, upon further inquiry, potential adjustment of status and relief applications, which could impact our ability to effect removal. These identification documents further our investigative efforts. Moreover, identifying documents often contain addresses that are not already in ERO's possession, which would further assist in ERO's investigative efforts if the alien is released without honoring our detainer, as has historically been the case with OPSO. *See* Paragraphs 12-13. While ERO has access to some address information for some of the aliens via the NCIC database, that information is frequently not up to date. Using outdated address information wastes vital federal law-enforcement resources in criminal alien apprehension. Obtaining identification documents also allows ERO to verify that the alien detained by OPSO is, in fact, the same individual ERO is investigating.

18. Moreover, in my 28 years of immigration-enforcement experience, criminal aliens sometimes possess false identification documents, which is, in and of itself, a crime.[2] OPSO, the only entity in custody of the subpoenaed witness and documents in the alien's possession at the time of their arrest, is ERO's only source for this type of information. Aliens in possession of fraudulent identification documents raise the specter of potential public-assistance fraud, victimization of lawful residents and citizens of the United States, and evasion of law-enforcement apprehension, which threaten limited state and local resources and public safety.

19. Given OPSO's failures to honor ERO's detainers, *see* Paragraphs 12-13, aliens with criminal charges are generally released by OPSO without providing ERO any

---

[2]  *See, e.g.*, 18 U.S.C. § 1546 (Fraud and Misuse of Visas, Permits, and Other Documents); 18 U.S.C. § 911 (False Personation as a Citizen of the United States).

information about those aliens. As such, these subjects are, for lack of a better word, at large. If OPSO had provided bond information, contact information, and/or next of kin information, such information would assist in attempts to locate these aliens for immigration enforcement purposes. Additionally, state-law criminal charges are significant in immigration proceedings in determining whether an alien is subject to mandatory detention and to potential federal criminal grounds of removability. This information is presented at bond and merits hearings before the Executive Office of Immigration Review. Thus, information about the subject's arrest is necessary for immigration enforcement purposes.

20. On December 23, 2025, ERO sent additional subpoenas on the same six aliens referenced in Paragraph 15 which further specified the precise type of documentation needed from OPSO for ERO's immigration enforcement investigation. First, ERO sought from OPSO that alien's biographical information, home address, information obtained from identification documents (such as a driver's license numbers and state, foreign identification document card numbers and country, passport numbers and country), copies of these identification documents, bond information to include obligor name and address, and emergency contact information. Second, these clarifying subpoenas sought documents related to the criminal charge causing the alien to go into OPSO custody, specifically the arrest report, booking sheet, booking photo, probable cause statements, release agreements, and associated bond or surety documents.

21. On December 23, 2025, ERO identified three additional known aliens in OPSO custody. ERO issued detainers on these aliens and also issued subpoenas for documents seeking the same information described in Paragraph 20, above.

22. For these subpoenas referenced in Paragraphs 20 and 21, above, (hereinafter referred to as the "December 23 subpoenas"), a deadline of January 2, 2026, at 4:30 PM was set for a return on the sought information.

**SUBPOENA FOR ALIENS AS WITNESSES AND ASSOCIATED DOCUMENTS**

23. I discuss below nine aliens who are subject to detainers issued by ERO as referenced in Paragraphs 15, 20 and 21. ERO has determined, for each alien described below, that there is probable cause that the alien may be subject to removal from the United States. The testimony and/or documents sought for each are essential to the respective immigration enforcement investigation conducted by ERO and would likely assist ERO to further pursue its investigation.

24. I have reviewed ERO's files with respect to each alien and am familiar with the information ERO has, and does not have, in its possession with respect to each alien, as outlined below.

**Alien 1 – Jose Fernando Arzu-Osorto**

25. ERO has a history of OPSO not honoring detainers on this subject. On or about June 18, 2024, this subject was arrested for La. R.S. 14:81 (indecent behavior with a juvenile). ERO placed a detainer on the subject in 2024 but the OPSO refused to honor it. He is in Orleans Parish custody for a violation of La. R.S. 14:64.3 (armed robbery with firearm).

26. On October 17, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject.

27. This subpoena was served on OPSO as indicated on the service copy that is Exhibit 1 to this declaration.

28. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 2</u> to this declaration.

29. To date, no response has been received to these subpoenas.

30. OPSO's policy on "Immigration and Customs Enforcement (ICE) Procedures" states pertinently:

> 2.      The Orleans Parish Sheriff's Office shall decline all voluntary ICE detainer requests unless the individual's charge is for one or more of the following offenses: First Degree Murder (La. R.S. 14:30); Second Degree Murder (La. R.S. 14:30.1); Aggravated Rape (La. R.S. 14:42); Aggravated Kidnapping (La. R.S. 14:44); Treason (La. R.S. 14:113); or Armed Robbery with Use of a Firearm (La. R.S. 14:64.3). If a court later dismisses or reduces the individual's charge such that the individual is no longer charged with one of the above offenses or the court recommends declining the ICE hold request, OPSO will decline the ICE hold request on that individual.

*See* Exhibit 24 (OPSO Policy on Immigration and Customs Enforcement (ICE) Procedures).

31. Thus, by failing to produce the witness or any documents responsive to ERO's subpoenas for this criminal alien with a pending charge of La. R.S. 14:64.3 (armed robbery with a firearm), OPSO has violated its own policy.

### <u>Alien 2 – Armindio Jose Castillo-Aguilera</u>

32. This subject is in Orleans Parish custody for a violation of La. R.S. 14:32 (negligent homicide) and 14:99 (reckless operation of a motor vehicle), for which ERO issued a request for advanced notification of release on March 30, 2025.

33. On October 17, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject.

34. This subpoena was served on OPSO as indicated on the service copy that is <u>Exhibit 3</u> to this declaration.

35. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 4</u> to this declaration.

36. To date, no response has been received to this subpoena.

### Alien 3 – Eric Arzu-Gamboa

37. On or about July 3, 2025, ERO was notified that this subject was in Orleans Parish Sheriff's Office Custody for multiple felony domestic violence charges, for which ERO issued a detainer on July 3, 2025.

38. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject.

39. This subpoena was served on OPSO as indicated on the service copy that is <u>Exhibit 5</u> to this declaration.

40. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 6</u> to this declaration.

41. To date, no response has been received to this subpoena.

### Alien 4 – Hilda Vasquez-Mateo

42. ERO has a history of OPSO not honoring detainers on this subject. On or about February 21, 2014, this subject was arrested for La. R.S. 14:93.2.3 (second degree cruelty to

juveniles). A detainer was placed on the subject by ERO in 2014 but was refused by OPSO. On or about June 27, 2014, the subject pleaded guilty to La. R.S. 14:93 (cruelty to juveniles).

43. This alien has a final order of removal dated June 6, 2022.

44. The subject is in OPSO custody on the charges of La. R.S. 14:32 (negligent homicide) and La. R.S. 14:93.2.3 (second degree cruelty to juveniles).

45. On September 7, 2025, ERO placed a detainer on the subject.

46. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation. This subpoena also requested any identification documents in OPSO's custody related to the subject. This subpoena was served on OPSO as indicated on the service copy that is Exhibit 7 to this declaration.

47. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as Exhibit 8 to this declaration.

48. To date, no response has been received to this subpoena.

### Alien 5 – Jose Velez-Hernandez

49. On or about June 10, 2025, this subject entered OPSO custody charged with La. R.S. 14:24:64 (principal to armed robbery).

50. On July 4, 2025, ERO placed a detainer on the subject.

51. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation and any

identification documents in OPSO's custody related to the subject. This subpoena was served on OPSO as indicated on the service copy that is <u>Exhibit 9</u> to this declaration.

52. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 10</u> to this declaration.

53. To date, no response has been received to this subpoena.

<u>**Alien 6 – Teony Umanzor-Juarez**</u>

54. On or about December 4, 2024, this subject went into OPSO custody for La. R.S. 14:64 (armed robbery), La. R.S. 14:64.3 (attempted armed robbery with a firearm), La. R.S. 14:37.4 (aggravated assault with a firearm), and La. R.S. 14:94 (illegally use a weapon/dangerous instrumentality). A further review of Orleans Criminal Court records reflects that the subject is in OPSO custody with two pending charges of La. R.S. 14:64.3 (armed robbery with a firearm) and a pending charge of 14:31 (manslaughter) under Case No. 565278, and two pending charges of La. R.S. 14:64.3 (armed robbery with a firearm) under Case No. 566345.

55. On December 4, 2024, ERO issued a detainer for this subject.

56. On November 5, 2025, ERO issued a subpoena to OPSO requesting that the subject be produced as a witness in this immigration enforcement investigation and any identification documents in OPSO's custody related to the subject. This subpoena was served on OPSO as indicated on the service copy that is <u>Exhibit 11</u> to this declaration.

57. On December 23, 2025, ERO issued another subpoena to OPSO further clarifying the documentation sought, as described in Paragraph 20, above. This subpoena set a

deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 12</u> to this declaration.

58. To date, no response has been received to this subpoena.

59. As recited in Paragraph 30, above, OPSO's own policy provides for cooperating with ICE for aliens with certain charges. *See* <u>Exhibit 24</u>.

60. Thus, by failing to provide the witness or any information responsive to ERO's subpoenas for this criminal alien with four pending charges of La. R.S. 14:64.3 (armed robbery with a firearm), OPSO has violated its own policy.

### Alien 7 – Jose Portillo-Gifaro

61. On or about November 14, 2025, this subject went into OPSO custody for, *inter alia*, La. R.S. 14:34 (aggravated battery with a dangerous weapon).

62. On November 14, 2025, ERO issued a detainer for this subject.

63. On or about November 18, 2025, it is believed that this alien was released from OPSO custody on bond.

64. On December 23, 2025, ERO issued a subpoena to OPSO seeking the information described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 13</u> to this declaration.

65. To date, no response has been provided to this subpoena.

### Alien 8 – William Cahuec-Ramos

66. On or about November 16, 2025, and November 30, 2025, this subject went into OPSO custody for, *inter alia*, the charge of public drunkenness, interfering with a lawful investigation, and lewd conduct.

67. On the same dates in Paragraph 66, above, ERO issued detainers for this subject.

68. On December 23, 2025, ERO issued a subpoena to OPSO seeking the information described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 14</u> to this declaration.

69. To date, no response has been provided to this subpoena.

### Alien 9 – Keynor Joel Velasquez-Cordova

70. On or about November 14, 2025, this subject went into OPSO custody for the charge of 14:35.3 (domestic abuse battery (three counts)), 14:62.3 (unauthorized entry of an inhabited dwelling), and La. R.S. 14:37.7 (domestic abuse aggravated assault).

71. On November 25, 2025, ERO issued a detainer on the subject.

72. On or about December 4, 2025, it is believed that this alien was released from OPSO custody on bond.

73. On December 23, 2025, ERO issued a subpoena to OPSO seeking the information described in Paragraph 20, above. This subpoena set a deadline of January 2, 2026, for OPSO to provide the documentation sought. This subpoena is attached as <u>Exhibit 15</u> to this declaration.

74. To date, no response has been provided to this subpoena.

### SUBPOENAS FOR LISTS OF SUSPECTED ALIENS IN OPSO CUSTODY

75. In the months of November 2025 through January 2026, ERO issued subpoenas for lists for inmates in OPSO custody who have failed to provide verifiable identify documents that correspond with lawful presence in the United States.

76. The rationale for requesting a roster of inmates from OPSO is to ascertain the identities of potential aliens in their custody who have not yet been encountered by immigration officials.

77. As is a general practice for any law enforcement agency such as OPSO, jails or arresting agencies typically ask arrestees to identify themselves, provide identification card(s), and provide basic biographical information, such as a location of birth and social security number.

78. By asking OPSO to identify individuals who may be aliens, ERO is seeking information about detainees whose immigration status is unknown to us for purposes of further potential investigation.

79. With these subpoenas for lists, ERO has requested each suspected alien inmate's name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), and passport numbers (if available).

80. On November 18, 2025, ERO issued one such subpoena, which was served on the OPSO on the same date. This subpoena ordered a response on or before November 24, 2025, at 5:00 PM CST. *See* Exhibit 16.

81. On November 25, 2025, ERO issued another such subpoena, which was served on the OPSO on November 26, 2025. This subpoena ordered a response on or before December 1, 2025, at 5:00 PM CST. *See* Exhibit 17.

82. Moreover, on December 1, 2025, ERO issued another such subpoena, which was served on the OPSO on December 2, 2025. This subpoena ordered a response on or before December 8, 2025, at 5:00 PM CST. *See* Exhibit 18.

83. On December 30, 2025, ERO issued a subpoena for a list of alien inmates, which sought the information listed in prior subpoenas described in Paragraphs 75 through 79, above, but also sought, for each potential alien inmate, "documents describing the charge related to the subject's detention in the Orleans Parish Prison including arrest report or 'gist,' booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents." This subpoena was served on the OPSO on December 31, 2025. This subpoena required a response on or before January 6, 2026, at 5:00 PM CST. *See* Exhibit 19.

84. Moreover, on January 7, 2026, ERO issued another such subpoena using the language described in Paragraph 83, above, which was served on the OPSO on January 8, 2026. This subpoena required a response on or before January 14, 2026, at 5:00 PM CST. *See* Exhibit 20.

85. ERO issued serial subpoena requests to OPSO for this information because OPSO's inmates lists would likely change day-to-day, and week-to-week.

86. To date, ERO has not received the information requested in these subpoenas for lists of inmates in OPSO custody who have failed to provide verifiable identify documents that correspond with lawful presence in the United States.

**OPSO FAILURE TO COMPLY WITH SUBPOENAS**

87. On or about December 1, 2025, I sent a letter to OPSO outlining the subpoenas issued through that date, the relevant deadlines, and requesting their compliance. In this letter, as a sign of good faith, I asked that OPSO have a representative contact me on or before Monday, December 8, 2025, by the 5 PM to discuss a plan for obtaining the vital information requested from them via the subject subpoenas. *See* Exhibit 21 (internal attachments omitted).

88. Sometime around December 8, 2025, I was contacted by an attorney for OPSO, Tracey Comeaux, in response to the letter for a discussion on the sought subpoenas. Mr. Comeaux was referred to the Office of the Principal Legal Advisor (OPLA), the legal representative of all components of ICE, including ERO, regarding the scheduling of this meeting. A meeting was set for January 7, 2026, via Zoom.

89. In the meantime, ERO issued and served the December 23 subpoenas to OPSO. *See* Exhibits 2, 4, 6, 8, 10, 12, 13-15. As these subpoenas were served on OPSO, OPLA emailed OPSO's counsel, Mr. Comeaux advising that ERO had served nine additional subpoenas, six of which involved the same subjects of subpoenas issued in October 2025 and November 2025. In this email, OPLA explained that these subpoenas further elaborated on the documents sought by ERO and, should no response be received to these subpoenas by the stated deadline of January 2, 2026, that this lack of compliance would be taken up at the meeting scheduled on January 7, 2026.

90. At the meeting on January 7, 2026, I met with representatives from OPSO, Tracey Comeaux and John Williams, via Zoom. During this meeting, OPSO indicated that they believed they were bound by their policy adopted in a consent decree to settle the *Cacho v. Gusman* litigation, which prohibited their compliance with ERO's subpoenas. *See* Paragraph 30 and Exhibit 24. OPSO was told that they had until the close of business on January 9, 2026, to comply with the subpoenas issued to them by ERO or that we would seek enforcement action via the United States Attorney's Office, which was memorialized in my email sent to OPSO on January 8, 2026, attached as Exhibit 22. On behalf of OPSO, Mr. Williams acknowledged my email. *See* Exhibit 23.

91. To date, ERO has not received any witnesses or documents that are responsive to the subpoenas described in the foregoing paragraphs.

92. OPSO's failure to cooperate with our subpoena efforts for a list of alien inmates, commanding the presence of certain individuals as witnesses in their immigration cases, and the documents that would be vital to our continued investigations of these aliens, is a significant impediment to our agency's work enforcing the immigration laws of the United States and is a threat to public safety.

93. This declaration is based upon my personal and professional knowledge, information obtained from other individuals employed by ICE, and information obtained from various records and systems maintained by DHS. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above captioned case.

94. Pursuant to 28 U.S.C Section 1746, I declare under penalty of perjury under the laws of the United States that the foregoing true and correct.


Executed on this 16th day of January, 2026.

**BRIAN S ACUNA**

Digitally signed by BRIAN S ACUNA
Date: 2026.01.16 14:46:49 -06'00'

Brian S. Acuna
Deputy Field Office Director
Enforcement and Removal Operations, New Orleans, Louisiana

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |
|---|---|

**SUBPOENA NUMBER:**

In Reference To:

Jose Fernando ARZU-Osorto | A█████████
---|---
(Title of Proceeding) | (File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

Jose Fernando ARZU-Osorto | ████████
---|---
NAME | DATE OF BIRTH
FBI#█████ | A█████████
SUBJECT ID | FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that _Jose Fernando ARZU-Osorto_ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of _Jose Fernando ARZU-Osorto_ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of _Jose Fernando ARZU-Osorto_ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ███████████████████████████████████ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: SDDO█████████

Telephone: █████████

Email: █████████@ice.dhs.gov

Page 1 of 3

Ex. A-1

4. Records required to be produced for inspection:

Identification documents related to ███

5. Authorized Official

_____
(Signature)

R. ███████████

(Printed Name)

**Assistant Field Office Director**

(Title)

October 17, 2025

(Date)

If you have any questions regarding
this subpoena, contact the ICE
Official identified in Block 3.

**Notice:** If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___10/17/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

___In Person___

(Details of how service was effected)

_____

(Signature of Official Serving Subpoena)

_____

(Printed Name of Official Serving Subpoena)

___SDDO___

(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title _Deputy_

Date _10/17/2025_     Time _11:25_     ☐ a.m.  ☐ p.m.

| 1. To (Name, Address, City, State, Zip Code)<br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

| Subpoena Number | |
|---|---|

| 2. In Reference To | |
|---|---|
| ARZU-OSORTO, JOSE FERNANDO | A# ▮▮▮▮▮▮ |
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☒ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date | | |
|---|---|---|---|
| Name ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮/@ice.dhs.gov) | 01/02/2026 | | |
| Title    Assistant Field Office Director | | | |
| Address ▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮ | (C) Time  04:30 | ☐ a.m. | ☒ p.m. |
| Telephone Number ▮▮▮▮▮▮▮ | | | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for ARZU-OSORTO, JOSE FERNANDO: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to ARZU-OSORTO, JOSE FERNANDO's detention in the Orleans Parish Prison on 5/29/2025 for the charge of armed robbery, under Booking Number ▮▮▮▮▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official | |
|---|---|---|
| | ▮▮▮▮▮▮▮▮▮▮▮ Digitally signed by ▮▮▮▮▮▮<br>Date: 2025.12.22 13:30:41 -06'00' | |
| | (Signature) | |
| | ▮▮▮▮▮▮▮▮ | |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Printed Name) | |
| | Deputy Field Office Director | |
| | (Title) | |
| | 12/22/2025 | |
| | (Date) | |

DHS Form I-138 (6/09)

**Ex. A-2**

CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

___in person___

(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

___Deportation Officer___
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature ___Sierra Hilliard___

| Title Paralegal | Date | Time ☐ a.m. ☐ p.m. |
|---|---|---|

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |
|---|---|

**SUBPOENA NUMBER:**

In Reference To:

Armindio Jose CASTILLO-Aguilera

(Title of Proceeding)

A█████████

(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

Armindio Jose CASTILLO-Aguilera

**NAME**

████████

FBI#: █████████

**DATE OF BIRTH**

A███████

**SUBJECT ID**

**FILE NO.**

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that ___Armindio Jose CASTILLO-Aguilera___ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of ___Armindio Jose CASTILLO-Aguilera___ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of ___Armindio Jose CASTILLO-Aguilera___ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ██████████████████████████ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: SDDO ████████████

Telephone: ████████

Email: ████████@ice.dhs.gov

Page 1 of 3

**Ex. A-3**

4. Records required to be produced for inspection:

Identification documents related to CASTILLO.

5. Authorized Official

_____
(Signature)

_____
(Printed Name)

Assistant Field Office Director
_____
(Title)

October 17, 2025
_____
(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___10/17/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In Person

(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

SDDO

_____
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title

Deputy

| Date | Time |
|------|------|
| 10/17/2025 | 11:25 ☒ a.m. / p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

| CASTILLO-AGUILERA, ARMINDIO JOSE | A# ▮ |
|---|---|
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▮▮▮ /@ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address ▮▮▮ | (C) Time 04:30  ☐ a.m. ☑ p.m. |
| Telephone Number ▮▮▮ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for CASTILLO-AGUILERA, ARMINDIO JOSE: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to CASTILLO-AGUILERA, ARMINDIO JOSE's detention in the Orleans Parish Prison on 3/29/2025 for the charge of NEGLIGENT HOMICIDE and RECKLESS OPERATION OF A VEHICLE under Booking Number ▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| [DHS Seal] | Digitally signed by ▮▮▮<br>Date: 2025.12.22 13:29:43 -06:00<br>(Signature) |
| | ▮▮▮<br>(Printed Name)<br>Deputy Field Office Director<br>(Title) |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | 12/22/2025<br>(Date) |

DHS Form I-138 (6/09)

**Ex. A-4**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___1/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

in person

_____etails of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _____  Sierra Hilliard

| Title | Date | Time |
|---|---|---|
| Paralegal | | ☐ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>to Appear and/or Produce<br>Records 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

ERIC ARZU-GAMBOA _____  A▇▇▇▇▇ _____
(Title of Proceeding)  (File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

ERIC ARZU-GAMBOA _____
NAME  DATE OF BIRTH
FBI#: ▇▇▇▇▇  A▇▇▇▇▇ _____
SUBJECT ID  FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that ERIC ARZU-GAMBOA _____ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of ERIC ARZU-GAMBOA _____ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of ERIC ARZU-GAMBOA _____ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ▇▇▇▇▇▇▇ Deportation Officer _____

Telephone: ▇▇▇▇▇▇ _____

Email: ▇▇▇▇▇ @ice.dhs.gov _____

Page 1 of 3

**Ex. A-5**

4. Records required to be produced for inspection:

Identification documents related to Witness

5. Authorized Official

████████████

_____
(Signature)

████████████

_____
(Printed Name)

AFOD

_____
(Title)

11/5/25

_____
(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___11/5/2025___, I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In person

(Details of how service was effected)

███████████

(Signature of Official Serving Subpoena)

███████████

(Printed Name of Official Serving Subpoena)

Deportation Officer

(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature  *S. Hiled*

| Title | Date | Time |
|---|---|---|
| Paralegal | 10/25/25 | 11:37 ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

ARZU-GAMBOA, ERIC                                                                                A#

(Title of Proceeding) (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

- (A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

- (B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▮▮▮▮▮▮▮▮▮▮▮▮ /@ice.dhs.gov)<br>Title   Assistant Field Office Director<br>Address ▮▮▮▮▮▮▮▮▮▮▮<br><br>Telephone Number ▮▮▮▮▮▮ | 01/02/2026<br><br>(C) Time 04:30    ☐ a.m. ■ p.m. |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for ARZU-GAMBOA, ERIC: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to ARZU-GAMBOA, ERIC's detention in the Orleans Parish Prison on or about 11/11/2024 for the charge of violation of a protective order, bench warrant for domestic abuse aggravated assault charges, and stalking, under Booking Number ▮▮▮▮▮▮▮ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| ![DHS Seal] | Digitally signed by ▮▮▮▮<br>Date: 2025.12.22 13:27:39 -06'00'<br>(Signature)<br><br>▮▮▮▮▮▮▮▮▮<br>(Printed Name)<br>Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title)<br>12/22/2025<br>(Date) |

DHS Form I-138 (6/09)

Ex. A-6

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

### A. CERTIFICATE OF SERVICE

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In person
_____

(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

O.S.
_____
(Title of Official Serving Subpoena)

### B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature | | | |
|---|---|---|---|
| _Sierra Hilliard_ | | | |
| Title | | Date | Time |
| Paralegal | | | ☐ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |
|---|---|

**SUBPOENA NUMBER:**

In Reference To:

HILDA VASQUEZ-MATEO
_____

(Title of Proceeding)

A▮▮▮▮▮
_____

(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

HILDA VASQUEZ-MATEO
_____
**NAME**

FBI#: ▮▮▮▮
**SUBJECT ID**

▮▮▮▮▮
_____
**DATE OF BIRTH**

A▮▮▮▮
**FILE NO.**

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that _HILDA VASQUEZ-MATEO_ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of _HILDA VASQUEZ-MATEO_ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of _HILDA VASQUEZ-MATEO_ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▮▮▮▮▮▮▮▮ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ▮▮▮▮▮, Deportation Officer
_____

Telephone: ▮▮▮▮▮
_____

Email: ▮▮▮▮@ice.dhs.gov
_____

Page 1 of 3

**Ex. A-7**

4. Records required to be produced for inspection:

Identification documents related to Witness

5. Authorized Official

_____
(Signature)

_____
(Printed Name)

A.FOD

_____
(Title)

11/5/25

_____
(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice:** If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

| A. CERTIFICATE OF SERVICE |
| --- |

I certify that on ___11\5\2025___ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

In person

(Details of how service was effected)

████████████████

(Signature of Official Serving Subpoena)

████████████████

(Printed Name of Official Serving Subpoena)

Deportation Officer

(Title of Official Serving Subpoena)

| B. ACKNOWLEDGMENT OF RECEIPT |
| --- |

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title
Paralegal

Date
10/5/25

Time
11:38  a.m. p.m.

Page 3 of 3

| 1. To (Name, Address, City, State, Zip Code)<br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

| Subpoena Number | |
|---|---|

| 2. In Reference To | |
|---|---|
| VASQUEZ-MATEO, HILDA | A# |
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ████████ (████████@ice.dhs.gov) | 01/02/2026 |
| Title   **Assistant Field Office Director** | |
| Address ████████ | (C) Time  04:30    ☐ a.m. ☑ p.m. |
| Telephone Number ████████ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for VASQUEZ-MATEO, HILDA home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to VASQUEZ-MATEO, HILDA's detention in the Orleans Parish Prison on or about 9/7/2025 for the charge of NEGLIGENT HOMICIDE and SECOND DEGREE CRUELTY TO JUVENILES, under Booking Number ████████ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| (seal) | Digitally signed by ████████<br>Date: 2025.12.22 13:26:43 -06'00'<br>_____<br>(Signature) |
| | ████████<br>(Printed Name)<br>Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title)<br>12/22/2025<br>(Date) |

DHS Form I-138 (6/09)

**Ex. A-8**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

___In person___

(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

___Deportation Officer___
(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature  _____  Sierra Hillic

| Title        | Date | Time |
|--------------|------|------|
| Paralegal    |      | ☐ a.m.  ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>to Appear and/or Produce<br>Records 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |
|---|---|

**SUBPOENA NUMBER:**

In Reference To:

JOSE VELEZ-HERNANDEZ

(Title of Proceeding)

A▮▮▮▮▮
(File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

JOSE VELEZ-HERNANDEZ

NAME
FBI# ▮▮▮▮▮

SUBJECT ID

▮▮▮▮▮
DATE OF BIRTH

A▮▮▮▮▮
FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that JOSE VELEZ-HERNANDEZ may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of JOSE VELEZ-HERNANDEZ is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of JOSE VELEZ-HERNANDEZ shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ▮▮▮▮▮ ▮▮▮▮▮ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ▮▮▮▮▮, Deportation Officer

Telephone: ▮▮▮▮▮

Email: ▮▮▮▮▮@ice.dhs.gov

Page 1 of 3

Ex. A-9

| 4. Records required to be produced for inspection: |
| --- |
| Identification documents related to Witness |

5. Authorized Official

_(Signature)_

(Printed Name)

A FOD

(Title)

11 / 5 / 25

(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

---

**A. CERTIFICATE OF SERVICE**

I certify that on _11/5/2025_ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

_In person_

████████████████ tails of how service was effected)

████████████████

(Signature of Official Serving Subpoena)

████████████████

(Printed Name of Official Serving Subpoena)

_Deportation Officer_

(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _S. Hill_

| Title | Date | Time |
|---|---|---|
| Paralegal | 11/5/25 | 11:36 ☐ a.m. ☐ p.m. |

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

VELEZ-HERNANDEZ, JOSE

A# ▓▓▓▓▓

(Title of Proceeding)     (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▓▓▓▓▓▓▓ /@ice.dhs.gov) | 01/02/2026 |
| Title   Assistant Field Office Director | |
| Address ▓▓▓▓▓▓▓ | (C) Time 04:30   ☐ a.m. ☑ p.m. |
| Telephone Number ▓▓▓▓▓ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for VELEZ-HERNANDEZ, JOSE: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to VELEZ-HERNANDEZ, JOSE's detention in the Orleans Parish Prison on 6/10/2025 for the charge of PRINCIPAL ARMED ROBBERY, under Booking Number ▓▓▓▓▓ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| | Digitally signed by ▓▓▓▓<br>Date: 2025.12.22 13:25:52 -06'00' |
| | (Signature) |
| | ▓▓▓▓▓ |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-10**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

### A. CERTIFICATE OF SERVICE

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In-person

_____
(Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

D. O.
_____
(Title of Official Serving Subpoena)

---

### B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature    Sierra Hilliard

| Title | Date | Time |
|-------|------|------|
| Paralegal | | ☐ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce**<br>**Records** 8 U.S.C. § 1225(d),<br>8 C.F.R. § 287.4 |

**SUBPOENA NUMBER:**

In Reference To:

TEONY UMANZOR-JUAREZ

A█████████

(Title of Proceeding)                                   (File Number, if applicable)

**2. WITNESS FOR PRODUCTION**

TEONY UMANZOR-JUAREZ

████████

NAME                                                    DATE OF BIRTH

FBI#█████████                                           A█████████

SUBJECT ID                                              FILE NO.

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO** produce the witness identified in Section 2, as early as practicable (at least 48 hours, if possible) before the individual is scheduled for release from your custody, above, based upon the following:

It has been determined that  TEONY UMANZOR-JUAREZ  may possess material and relevant information relating to the enforcement of Title 8, Chapter 12, of the U.S. Code, and to the administration of U.S. Immigration and Customs Enforcement. Accordingly, under 8 U.S.C. § 1225(d)(4)(A), the attendance and testimony of  TEONY UMANZOR-JUAREZ  is required due to his/her connection to an investigation or inquiry relating to the enforcement of U.S. immigration laws. The production of  TEONY UMANZOR-JUAREZ  shall be made in accordance with Section 3 below, titled, "Manner of Producing Witness." Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

**3. MANNER OF PRODUCING WITNESS**

The witness must be brought to the New Orleans office of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, located at ████████████, ████████████ as early as practicable (at least 48 hours, if possible) before the individual is released from your custody. The witness must be brought between the hours of 8 a.m. and 4 p.m., Central Standard Time. You must provide at least 48 hours' notice before providing the witness.

In lieu of bringing the witness to the location listed above, you may arrange for an immigration officer to receive the witness directly from the facility where the witness will be released from your custody. To make such an arrangement, you must provide at least 48 hours' notice. Notice should be provided to:

Contact Name: ████████ Deportation Officer

Telephone ████████

Email: ████████@ice.dhs.gov

Page 1 of 3

**Ex. A-11**

4. Records required to be produced for inspection:

Identification documents related to Witness

5. Authorized Official

▅▅▅▅▅▅▅

(Signature)

▅▅▅▅▅▅▅

(Printed Name)

AFOD

(Title)

11/5/25

(Date)

If you have any questions regarding this subpoena, contact the ICE Official identified in Block 3.

**Notice**: If the individual may be the victim of a crime or you want the individual to remain in the United States for a law enforcement purpose, notify the ICE Law Enforcement Support Center at (802) 872-6020. You may also call this number if you have any other questions or concerns about this matter.

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

---

**A. CERTIFICATE OF SERVICE**

I certify that on ___11/5/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:

(Date)

___In person___

(Details of how service was effected)

▮▮▮▮▮▮▮▮▮▮

(Signature of Official Serving Subpoena)

▮▮▮▮▮▮

(Printed Name of Official Serving Subpoena)

___Deportation Officer___

(Title of Official Serving Subpoena)

---

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature | | |
|---|---|---|
| Title | Date | Time |
| Paralegal | 11/5/25 | 11:38 ☐ a.m. ☑ p.m. |

| | |
|---|---|
| 1. To (Name, Address, City, State, Zip Code)<br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **DEPARTMENT OF HOMELAND SECURITY**<br><br>**IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

| UMANZOR-JUAREZ, TEONY | A# ██████ |
|---|---|
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ████████████████ | 01/02/2026 |
| Title    Assistant Field Office Director | |
| Address ████████████████ | (C) Time 04:30    ☐ a.m. ☑ p.m. |
| Telephone Number ████████ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for UMANZOR-JUAREZ, TEONY: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to UMANZOR-JUAREZ, TEONY's detention in the Orleans Parish Prison on 12/4/2024 for the charge of armed robbery, armed robbery with a firearm (attempted), aggravated assault with a firearm, and/or illegal use of weapons/dangerous instrumentalities, under Booking Number ████████ and/or 360022402646 including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| *(DHS seal)* | ████████████    Digitally signed by<br>Date: 2025.12.22 13:24:22 -06:00 |
| | (Signature) |
| | ████████ |
| | (Printed Name) |
| | Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | (Title) |
| | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-12**

CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on  12/23/2025  , I served this subpoena on the witness named in Block 1 in the following manner:
                      (Date)

In person,

_____ Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation officer
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature                                   Siena Hilliard |        |        |
|------------------------------------------------------------|--------|--------|
| Title                                                      | Date   | Time   |
| Paralegal                                                  |        | ☐ a.m. |
|                                                            |        | ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code)<br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

Subpoena Number

2. In Reference To

| PORTILLO-GIFARO, JOSE | A# |
|---|---|
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ████████ @ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address ████████ | (C) Time 04:30   ☐ a.m. ☑ p.m. |
| Telephone Number ████████ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for PORTILLO-GIFARO, JOSE: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge to PORTILLO-GIFARO, JOSE's detention in the Orleans Parish Prison on 11/14/2025 for the charge of AGGRAVATED BATTERY WITH A DANGEROUS WEAPON, under Booking Number ████████ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| 5. Authorized Official |
|---|
| Digitally signed by ████████<br>Date: 2025.12.22 13:25:02 -06:00 |
| (Signature) |
| ████████ |
| (Printed Name) |
| Deputy Field Office Director |
| (Title) |
| 12/22/2025 |
| (Date) |

If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3.

DHS Form I-138 (6/09)

**Ex. A-13**

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on _12/23/2025_ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

In person

_____ (Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

D. O.
_____
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature | Sierra Hilliard | | |
|---|---|---|---|
| Title Paralegal | | Date | Time ☐ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

| CAHUEC-RAMOS, WILLIAM | | A# ▓▓▓▓▓ |
|---|---|---|
| (Title of Proceeding) | | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ■ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name ▓▓▓▓▓▓▓ @ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address ▓▓▓▓▓▓▓ | (C) Time 04:30 ☐ a.m. ■ p.m. |
| Telephone Number ▓▓▓▓▓ | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for CAHUEC-RAMOS, WILLIAM: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to CAHUEC-RAMOS, WILLIAM's detention in the Orleans Parish Prison on 11/16/2025 and/or 11/30/2025 for the charge of public drunkeness, interfering with a lawful investigation, lewd conduct, and/or multiple municipal attachments under Booking Number ▓▓▓▓▓ and/or 360032506094 including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

5. Authorized Official

Digitally signed by ▓▓▓▓▓
Date: 2025.12.22 13:22:29 -06:00

(Signature)

(Printed Name)

Deputy Field Office Director

(Title)

12/22/2025

(Date)

If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3.

DHS Form I-138 (6/09)

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2023___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

in person

_____ (Details of how service was effected)

_____
(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

| Signature     Sierra Hilliard | | |
|---|---|---|
| Title    Paralegal | Date | Time  ☐ a.m.  ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT**<br>**SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

2. In Reference To

| VELASQUEZ-CORDOVA, KEYNOR JOEL | A# |
|---|---|
| (Title of Proceeding) | (File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY REQUIRED TO SUMMONED AND REQUIRED TO:**

(A) ☐ **APPEAR** before the U.S. Customs and Border Protection (CBP), U.S. Immigration and Customs Enforcement (ICE), or U.S. Citizenship and Immigration Services (USCIS) Official named in Block 3 at the place, date, and time specified, to testify and give information relating to the matter indicated in Block 2.

(B) ☑ **PRODUCE** the records (books, papers, or other documents) indicated in Block 4, to the CBP, ICE, or USCIS Official named in Block 3 at the place, date, and time specified.

Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 3. (A) CBP, ICE or USCIS Official before whom you are required to appear | (B) Date |
|---|---|
| Name _____ @ice.dhs.gov) | 01/02/2026 |
| Title **Assistant Field Office Director** | |
| Address | (C) Time 04:30 ☐ a.m. ☑ p.m. |
| Telephone Number | |

4. Records required to be produced for inspection

(A) Documents sufficient to show the following for VELASQUEZ-CORDOVA, KEYNOR JOEL: home address; employment address; country of birth; date of birth; Information obtained from identification documents (the drivers license number and state, foreign identification document card number and country, passport number and country); copies of all documents on their person when arrested; bond information to include obligor name and address; FBI number; Emergency Contact name, address and telephone number;

(B) Documents to show the criminal charge related to VELASQUEZ-CORDOVA, KEYNOR JOEL's detention in the Orleans Parish Prison on or about 11/14/2025 for the charge of domestic abuse battery (three counts), unauthorized entry of an inhabited dwelling, and domestic abuse aggravated assault, under Booking Number _____ including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.

| | 5. Authorized Official |
|---|---|
| | Digitally signed by _____<br>Date: 2025.12.22 13:23:33 -06:00 |
| | (Signature) |
| | (Printed Name) |
| | Deputy Field Office Director |
| | (Title) |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 3. | 12/22/2025 |
| | (Date) |

DHS Form I-138 (6/09)

**Ex. A-15**

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

**A. CERTIFICATE OF SERVICE**

I certify that on ___12/23/2025___ , I served this subpoena on the witness named in Block 1 in the following manner:
(Date)

___In-person___

_____ (Details of how service was effected)

▓▓▓▓▓▓▓▓▓▓
_____
(Signature of Official Serving Subpoena)

▓▓▓▓▓▓▓▓▓▓
_____
(Printed Name of Official Serving Subpoena)

___O.O.___
_____
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _____ Sierra Hilliard

| Title | Date | Time |
|---|---|---|
| Paralegal | | ☐ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

Subpoena Number

In Reference To

Roster of alien inmates in the Orleans Justice Center ("OJC") ██████ et al
(Title of Proceeding)                                  (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2.<br><br>(A) **CBP, ICE or USCIS Official to whom you are required to produce records:**<br><br>██████<br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address: ██████<br>Phone: ██████ | (B) **Date** November 24, 2025<br><br><br>(C) **Time** 5:00 PM CST |
|---|---|

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available).



| | 5. Authorized Official ██████ | Digitally signed by ██████<br>Date: 2025.11.17 17:51:19 -06'00' |
|---|---|---|
| | (Signature) | |
| | ██████ | |
| | (Printed Name)<br>Deputy Field Office Director | |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title)<br>11/17/2025 | |
| | (Date) | |

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

**Ex. A-16**

## A. CERTIFICATE OF SERVICE

I certify that on 11/18/2025 , I served this subpoena on the individual named in Block 1 in the following manner:

(Date)

In Person

▌ (Details of how service was effected)

▌

(Signature of Official Serving Subpoena)

▌

(Printed Name of Official Serving Subpoena)

Deportaton Officer.

(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

Title Legal Department

Date 11/18/25

Time 1143 ☐ a.m ☐ p.m.

---

**Notice**: IT IS A CRIME TO HABOR OR CONCEAL A PERSON WANTED BY THE FEDERAL GOVERNMENT.

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both. 18 U.S.C. § 1071.

Pursuant to 8 U.S.C. § 1357(a)(1), DHS officers are authorized even without a warrant to interrogate any alien or person believed to be an alien as to his/her right to be or remain in the United States.

DHS officers are authorized to arrest a removable alien under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b), or pending removal, under 8 C.F.R. § 241.2(a)(1), and may arrest removable aliens under certain circumstances without a warrant pursuant to 8 U.S.C. § 1357(a). Under no circumstance is a judicial warrant required for the arrest of an alien under the immigration laws.

| 1. To (Name, Address, City, State, Zip Code) | DEPARTMENT OF HOMELAND SECURITY |
|---|---|
| Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | **IMMIGRATION ENFORCEMENT SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |

Subpoena Number

In Reference To

Roster of alien inmates in the Orleans Justice Center ("OJC") ▮▮▮▮et al
(Title of Proceeding)                                    (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2. | (B) **Date** December 1, 2025 |
|---|---|
| **(A) CBP, ICE or USCIS Official to whom you are required to produce records:** | |
| ▮▮▮▮<br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement | (C) **Time** 5:00 PM CST |
| Address: ▮▮▮▮<br>Phone: ▮▮▮▮ | |

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available).

| | 5. Authorized Official ▮▮▮▮ | Digitally signed by ▮▮▮▮<br>Date: 2025.11.25 14:55:36 -06'00' |
|---|---|---|
| | (Signature) | |
| | (Printed Name) | |
| | Deputy Field Office Director | |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title) | |
| | November 25, 2025 | |
| | (Date) | |

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

**Ex. A-17**

## A. CERTIFICATE OF SERVICE

I certify that on ___11/26/25___ , I served this subpoena on the individual named in Block 1 in the following manner:
(Date)

HAND DELivered

(Details of how service was effected)

(Signature of Official Serving Subpoena)

(Printed Name of Official Serving Subpoena)

SDDO

(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _____ Sierra Hilliard

| Title | Date | Time |
|-------|------|------|
| Paralegal | 11/26/25 | 9:52 ☑ a.m. ☐ p.m. |

---

**Notice: IT IS A CRIME TO HABOR OR CONCEAL A PERSON WANTED BY THE FEDERAL GOVERNMENT.**

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both. 18 U.S.C. § 1071.

Pursuant to 8 U.S.C. § 1357(a)(1), DHS officers are authorized even without a warrant to interrogate any alien or person believed to be an alien as to his/her right to be or remain in the United States.

DHS officers are authorized to arrest a removable alien under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b), or pending removal, under 8 C.F.R. § 241.2(a)(1), and may arrest removable aliens under certain circumstances without a warrant pursuant to 8 U.S.C. § 1357(a). Under no circumstance is a judicial warrant required for the arrest of an alien under the immigration laws.

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>**to Appear and/or Produce Records**<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|
| Subpoena Number | |
| In Reference To | |
| Roster of alien inmates in the Orleans Justice Center ("OJC")<br>(Title of Proceeding) | ▮▮▮▮ et al<br>(File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2.<br><br>(A) **CBP, ICE or USCIS Official to whom you are required to produce records:**<br><br>▮▮▮▮<br>Acting Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>Phone ▮▮▮▮▮▮▮▮ | (B) **Date** December 8, 2025<br><br><br>(C) **Time** 5:00 PM CST |
|---|---|

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available).

| | 5. Authorized Official ▮▮▮▮ | Digitally signed by ▮▮▮<br>Date: 2025.12.01 14:57:01<br>-06'00' |
|---|---|---|
| | (Signature) | |
| | ▮▮▮▮ | |
| | (Printed Name)<br>Deputy Field Office Director | |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title)<br>December 1, 2025 | |
| | (Date) | |

**CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT**

**Ex. A-18**

## A. CERTIFICATE OF SERVICE

I certify that on _12-2-2025_ , I served this subpoena on the individual named in Block 1 in the following manner:

(Date)

_In Person_

(Details of how service was effected)

██████████████████

(Signature of Official Serving Subpoena)

██████████████

(Printed Name of Official Serving Subpoena)

_D. O._

(Title of Official Serving Subpoena)

## B. ACKNOWLEDGMENT OF RECEIPT

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

| Title | Date | Time |
|---|---|---|
| Paralegal | 12/2/25 | 10:35 ☐ a.m. ☐ p.m. |

---

**Notice**: IT IS A CRIME TO HABOR OR CONCEAL A PERSON WANTED BY THE FEDERAL GOVERNMENT.

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both. 18 U.S.C. § 1071.

Pursuant to 8 U.S.C. § 1357(a)(1), DHS officers are authorized even without a warrant to interrogate any alien or person believed to be an alien as to his/her right to be or remain in the United States.

DHS officers are authorized to arrest a removable alien under the immigration laws pursuant to an administrative warrant pending a decision on whether they will be removed from the United States, under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b), or pending removal, under 8 C.F.R. § 241.2(a)(1), and may arrest removable aliens under certain circumstances without a warrant pursuant to 8 U.S.C. § 1357(a). Under no circumstance is a judicial warrant required for the arrest of an alien under the immigration laws.

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND SECURITY<br><br>**IMMIGRATION ENFORCEMENT SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|
| Subpoena Number<br>ICE-ERO-NOL-OPSO-L25-0011 | |

| 2. In Reference To | |
|---|---|
| Roster of alien inmates in the Orleans Justice Center ("OJC")<br>(Title of Proceeding) | N/A<br>(File Number, if Applicable) |

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2.<br><br>**(A) CBP, ICE or USCIS Official to whom you are required to produce records:**<br><br>███<br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address: ███<br>Phone: ███ | (B) **Date** January 6, 2026<br><br><br>(C) **Time** 5:00 PM CST |
|---|---|

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available). For each subject, please also provide documents describing the charge related to the subject's detention in the Orleans Parish Prison including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.



| 5. Authorized Official ███ | Digitally signed by ███<br>Date: 2025.12.30 15:11:46 -06'00' |
|---|---|
| (Signature) | |
| (Printed Name) | |
| Deputy Field Office Director | |
| (Title) | |
| December 30, 2025 | |
| (Date) | |

If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2.

DHS Form I-138 (6/09)

**Ex. A-19**

CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on _12/31/2025_ , I served this subpoena on the individual named in Block 1 in the following manner:

(Date)

_in Person_

(Details of how service was effected)

▮▮▮▮▮▮▮▮▮▮

(Signature of Official Serving Subpoena)

▮▮▮▮▮▮▮▮▮▮

(Printed Name of Official Serving Subpoena)

_Deportation Officer 8938_

(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature _Ebony Lathanel_

| Title | Date | Time |
|-------|------|------|
| Sergeant | 12/31/25 | 1120 ☒ a.m. ☐ p.m. |

DHS Form I-138 (6/09)

| 1. To (Name, Address, City, State, Zip Code)<br><br>Jeworski "Jay" Mallett, Deputy Chief of Corrections<br>Orleans Parish Sheriff's Office<br>2800 Perdido Street<br>New Orleans, Louisiana 70119 | DEPARTMENT OF HOMELAND<br>SECURITY<br><br>**IMMIGRATION ENFORCEMENT<br>SUBPOENA**<br>to Appear and/or Produce Records<br>8 U.S.C. § 1225(d), 8 C.F.R. § 287.4 |
|---|---|

Subpoena Number
ICE-ERO-NOL-OPSO-A26-0001

2. In Reference To

Roster of alien inmates in the Orleans Justice Center ("OJC")     N/A
(Title of Proceeding)     (File Number, if Applicable)

By the service of this subpoena upon you, **YOU ARE HEREBY SUMMONED AND REQUIRED TO PRODUCE** the records (books, papers, or other documents) indicated in Block 3, to the CBP, ICE, or USCIS Official named in Block 2 on or before the place, date, and time specified. Your testimony and/or production of the indicated records is required in connection with an investigation or inquiry relating to the enforcement of U.S. immigration laws. Failure to comply with this subpoena may subject you to an order of contempt by a federal District Court, as provided by 8 U.S.C. § 1225(d)(4)(B).

| 2.<br>(A) CBP, ICE or USCIS Official to whom you are required to produce records:<br><br>Assistant Field Office Director<br>New Orleans Field Office<br>Enforcement and Removal Operations<br>U.S. Immigration and Customs Enforcement<br><br>Address:<br>Phone: | (B) **Date** January 14, 2026<br><br><br>(C) **Time** 5:00 PM CST |
|---|---|

3. **Records required to be produced:**

A list of all inmates in your custody who have failed to provide verifiable identity documents that correspond with lawful presence in the United States. For this list, please include the following information about the subject: name, date of birth, demographic information, address, FBI number (if applicable), driver's license number (if applicable), state identification card number (if applicable), passport numbers (if available). For each subject, please also provide documents describing the charge related to the subject's detention in the Orleans Parish Prison including arrest report or "gist," booking sheets, booking photos, probable cause statements, release agreements, and bond or surety documents.



| | 5. Authorized Official       Digitally signed by<br>Date: 2026.01.07 07:55:28<br>-06'00' |
|---|---|
| | (Signature) |
| | (Printed Name)<br>Deputy Field Office Director |
| If you have any questions regarding this subpoena, contact the CBP, ICE, or USCIS Official identified in Block 2. | (Title)<br>January 7, 2026 |
| | (Date) |

DHS Form I-138 (6/09)

## CERTIFICATE OF SERVICE AND ACKNOWLEDGMENT OF RECEIPT

**A. CERTIFICATE OF SERVICE**

I certify that on  1/7/2025  , I served this subpoena on the individual named in Block 1 in the following manner:

(Date)

In person

_____ service was effected)

(Signature of Official Serving Subpoena)

_____
(Printed Name of Official Serving Subpoena)

Deportation Officer
(Title of Official Serving Subpoena)

**B. ACKNOWLEDGMENT OF RECEIPT**

I acknowledge receipt of a copy of the subpoena on the front of this form.

Signature

| Title | Date | Time |
|-------|------|------|
| Public Record Admin . | 1/7/26 | 12:40 ☐ a.m. ☑ p.m. |

DHS Form I-138 (6/09)

*Enforcement and Removal Operations*

**U.S. Department of Homeland Security**
New Orleans Field Office



**U.S. Immigration
and Customs
Enforcement**

*Personal Service*

November 30, 2025

**Via Hand Delivery and Certified Mail**
Jeworski "Jay" Mallett, Deputy Chief of Corrections
Orleans Parish Sheriff's Office
2800 Perdido Street
New Orleans, Louisiana 70119

      Re:    Compliance with Immigration Enforcement Subpoenas issued pursuant to
              8 U.S.C. § 1225(d), 8 C.F.R. § 287.4

Dear Deputy Chief Mallet:

This letter is to address several outstanding subpoenas issued by my office to the Orleans
Parish Sheriff's Office pursuant to 8 U.S.C. § 1225(d), 8 C.F.R. § 287.4, as outlined below.

    **A.**  **Subpoenas for witnesses and records served on October 17, 2025**

On October 17, 2025, your office received subpoenas for the production of the below-listed
witnesses and their associated identification documents to my office. These witnesses possess
relevant information relating to the administration of U.S. immigration laws. A copy of each
subpoena and proof of service of same is attached to this letter as indicated.

    1. Arzu-Osorto, Jose Fernando; DOB █████ A# ██ ████ (Attachment 1)
    2. Castillo-Aguilera, Armindio Jose; DOB ████, A# ████ (Attachment 2)

As of the date of this letter, neither these witnesses nor their associated identification
documentation have been produced to my office.

    **B.**  **Subpoenas for witnesses and records served on November 5, 2025**

On November 5, 2025, your office received subpoenas for the production of the below-listed
witnesses and their associated identification documents to my office. A copy of each subpoena
and proof of service of same is attached to this letter as indicated.

    1. Arzu-Gamboa, Eric; DOB █████, A# █████ (Attachment 3)
    2. Vasquez-Mateo, Hilda; DOB ████, A# █████ (Attachment 4)
    3. Velez-Hernandez, Jose; DOB ████ A# █████ (Attachment 5)
    4. Umanzor-Juarez, Teony; DOB █████ A# █████ (Attachment 6)

As of the date of this letter, neither these witnesses nor their associated identification
documentation have been produced to my office.

<span style="color:red">**Ex. A-21**</span>

Deputy Chief Jay Mallet
Page 2 of 2

### C.  Subpoena for list of alien inmates served on November 18, 2025

On November 18, 2025, your office received a subpoena for the production of a list of inmates in your custody who have failed to provide verifiable identity documents corresponding with lawful presence in the United States. I have attached a copy of that subpoena and proof of service of same to this letter as Attachment 7. As of the date of this letter, the requested information has not been produced to my office.

### D.  Request for compliance

The production of these individual witnesses, the witnesses' identification documents, and a list of alien inmates in your custody will assist the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Office of Enforcement and Removal Operations (ERO) in its enforcement of U.S. immigration laws. Due to the essential nature of the requested witnesses and documents, I ask that you produce the requested witnesses and documents to ERO's office on or before Monday, December 8, 2025, at 5:00 PM. If no response is received, ERO will request that the United States Attorney seek judicial intervention via an order pursuant to 8 U.S.C. § 1225(d)(4)(B), 8 C.F.R. § 287.4(d), and any additional remedies available under the law.

Should you have any questions regarding the foregoing, please contact me at (504) 520-0396.

Sincerely,

Digitally signed by ▮▮▮▮
Date: 2025.11.30 12:42:21 -06'00'

Deputy Field Office Director
Enforcement and Removal Operations, New Orleans

Attachments:  Seven (7) Immigration Enforcement Subpoenas issued pursuant to
8 U.S.C. § 1225(d), 8 C.F.R. § 287.4

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Orleans Parish Sheriff's Office
Attn: Jeworski "Jay" Mallett
Deputy Chief of Corrections
2800 Perdido St.
New Orleans LA 70119

9590 9402 9698 5199 0879 55

2. Article Number (Transfer from ___

9589 0710 5270 1974 4624 95

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

CAROLYN YOUNG

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ ~~ct on Delivery Restricted Delivery
☐ ~~red Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
   Delivery
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                     Domestic Return Receipt

USPS TRACKING #

9590 9402 9698 5199 0879 55

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

USDHS / ICE/ERO
NEW ORLEANS FIELD OFFICE

| | |
|---|---|
| **From:** | ▮▮▮▮▮▮▮ |
| **To:** | Comeaux, Tracey; Williams, John |
| **Cc:** | Mallett, Jeworski; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ |
| **Subject:** | RE: ICE Subpoenas |
| **Date:** | Thursday, January 8, 2026 10:27:41 AM |
| **Attachments:** | CACHO Gusman Settlement_Dtr Policy_Arbitration_EDLA.pdf |
| | ERO New Orleans Letter Requesting Jail Access - Orleans Parish Louisiana August 20 2025.pdf |
| | Letters from Attorney General Bondi to Sanctuary Jurisdictions - City of New Orleans.pdf |
| | Orleans Parish Reply to ICE June 2025.pdf |
| | ERO New Orleans Letter to Noncompliant Sheriffs - Orleans Parish Louisiana June 3 2025.pdf |
| | Enacted Act. No 314 May 28 2024.pdf |
| | Orleans Parish Subpoena Compliance Letter - Signed 11.29.25.pdf |
| | 287(g) MOA Task Force Model Template - 2025.pdf |
| | 287(g) MOA Warrant Service Officer Program Template - 2025.pdf |
| | 287(g) MOA Jail Enforcement Model Template - 2025.pdf |

Good afternoon, per your request at our meeting on Wednesday, January 7, 2027, about ICE subpoenas.  We had an agenda as follows

- Discussion of the OPSO position on doing away with ICE Procedures June 2013 sanctuary policy
- Compliance with ICE subpoenas concerning specific OPSO inmates and ICE requests for lists of OPSO inmates
- ICE partnerships available to OPSO, pursuant to federal statute and Louisiana state law
- A way forward after OPSO comes into compliance with ICE Detainers

As to our agencies' positions on these matters, we differ greatly.  I once again renew my advice to the OPSO that the Sheriff or her delegate withdraw your 2013 sanctuary policy and come into full compliance with ICE access to your facility at the OJC, and honor each and every detainer that ICE files and that ICE has already filed.  I also recommend that you comply as soon as possible with the ICE issued subpoenas, with some clarifications below.  **You are advised to come into full compliance with these matters by COB January 9, 2026.**

We can work with you on the processes to do that.  It makes no sense going into research and case law, when the settlement language attached clearly states your policy should have remained in effect, only until the engrossed Act 314 became effective in May 2024.  "The Parties agree, and the Court so orders, that the Sheriff shall adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement (ICE) Procedures (herein "Policy") as set forth in Exhibit B, incorporated herein, which has ==permanent effect, absent a change in federal or state law applicable to immigration detainers.=="

As to the ICE subpoenas.  You should **by January 9, 2026,** if an inmate we specifically subpoenaed needs to be released, produce them to ICE or follow the other instructions on the subpoenas. Concerning the request for lists of inmates who have not provided verifiable identity documents that correspond with lawful presence in the United States: this would be individuals whom the OPSO knows failed to provide driver's licenses, some sort of state ID or social security number. Or for those who possessed identity documents indicating foreign birth – non-US passport, national identity document, foreign DL, etc.  If you have this information on OPSO inmates, you need to respond to the subpoenas.  If you have new OPSO inmates booked after your response,  when ICE files new

subpoenas for the lists you need to respond with information on the new OPSO inmates meeting these categories.  It is not an investigation or initiation of a status query by your agency, as ICE would be further investigating the inmates since your sanctuary policy bars us from the OJC.  Touching on your 2013 policy, its part #3 violates federal immigration law.  Full copy of that federal statute is below.

I attached information on all three ICE 287(g) partnerships available to you as of today.  The Sheriff has only to make an application at our website.  Her POC doing that can list me as the ICE official advising you.

For the way forward when your agency comes into compliance with ICE processes – currently, we have about a 1.5 page simple document showing how we deal with possible detainer situations as of today at the OJC.  These SOPs would be open to collaboration with the OPSO on improving them and getting your agency into compliance with our needed interviews and honoring all ICE Detainers, in a matter of hours.  Suggested process is a staff meeting, an ICE 101 presentation and changing on the spot how OPSO receives and responds to ICE interview and Detainer requests.  That is the short term.  For the medium term we could work as requested with your training staff to advise your internal policies.  For the long-term bringing you on board as an ICE detention partner or an ICE 287(g) partner, would take a few weeks depending on the wait for OPSO staff to be trained and credentialed by ICE.  The OPSO honestly will face significant challenges in restoring trust within ICE and the New Orleans local community due to the OPSO's two decades of sanctuary status.

Lastly, I do not have a response to our letter requesting access to DPSC inmates, unless I missed your reply.  Thank you.

U.S.C. Title 8 - ALIENS AND NATIONALITY

**8 U.S.C.**
United States Code, 2024 Edition
Title 8 - ALIENS AND NATIONALITY
CHAPTER 12 - IMMIGRATION AND NATIONALITY
SUBCHAPTER II - IMMIGRATION
Part IX - Miscellaneous
Sec. 1373 - Communication between government agencies and the Immigration and Naturalization Service
From the U.S. Government Publishing Office, www.gpo.gov

**§1373. Communication between government agencies and the Immigration and Naturalization Service**
**(a) In general**
Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.
**(b) Additional authority of government entities**

Notwithstanding any other provision of Federal, State, or local law, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual:

> (1) Sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service.
>
> (2) Maintaining such information.
>
> (3) Exchanging such information with any other Federal, State, or local government entity.

**(c) Obligation to respond to inquiries**

The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information.

(Pub. L. 104–208, div. C, title VI, §642, Sept. 30, 1996, 110 Stat. 3009–707.)

███████████

Acting Field Office Director
New Orleans Field Office

**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**
███████████

---

**From:** Comeaux, Tracey ███████████████
**Sent:** Thursday, December 11, 2025 3:14 PM
**To:** ████████████████████████
**Cc:** ███████████████████████ Mallett, Jeworski ████████████ Williams, John ███████████████
**Subject:** ICE Subpoenas

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Ms. ██████

Thanks for contacting me about ████████████ November 30th letter addressed to OPSO. As discussed, we are happy to meet early next month (via zoom) regarding the subject of ██████████ letter and propose the following dates: January 7, 9, 10 or 13.

Let me know which date works best for you and your team.

Thanks,

Tracey

**Tracey J. Comeaux**
Chief Legal Officer
<span style="background:black">████████</span>

**Orleans Parish Sheriff's Office**

| | |
|---|---|
| **From:** | Williams, John |
| **To:** | Comeaux, Tracey |
| **Cc:** | Mallett, Jeworski; |
| **Subject:** | Re: ICE Subpoenas |
| **Date:** | Friday, January 9, 2026 11:06:09 AM |

> **CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good Day Sir, we are in receipt of your correspondence.  Thank you for the summary of our conversation and the information requested during our call.  We look forward to continuing to work with you on these issues.


John S. Williams
Chief of Staff

---

**From:**

**Sent:** Thursday, January 8, 2026 10:26 AM
**To:** Comeaux, Tracey <                        >; Williams, John <                        >
**Cc:** Mallett, Jeworski <                        >;

**Subject:** RE: ICE Subpoenas

Good afternoon, per your request at our meeting on Wednesday, January 7, 2027, about ICE subpoenas.  We had an agenda as follows

- Discussion of the OPSO position on doing away with ICE Procedures June 2013 sanctuary policy
- Compliance with ICE subpoenas concerning specific OPSO inmates and ICE requests for lists of OPSO inmates
- ICE partnerships available to OPSO, pursuant to federal statute and Louisiana state law
- A way forward after OPSO comes into compliance with ICE Detainers

As to our agencies' positions on these matters, we differ greatly.  I once again renew my advice to the OPSO that the Sheriff or her delegate withdraw your 2013 sanctuary policy and come into full compliance with ICE access to your facility at the OJC, and honor each and every detainer that ICE files and that ICE has already filed.  I also recommend that you comply as soon as possible with the ICE issued subpoenas, with some clarifications below.  **You are advised to come into full compliance with these matters by COB January 9, 2026.**

<span style="color:red">**Ex. A-23**</span>

We can work with you on the processes to do that.  It makes no sense going into research and case law, when the settlement language attached clearly states your policy should have remained in effect, only until the engrossed Act 314 became effective in May 2024.  "The Parties agree, and the Court so orders, that the Sheriff shall adopt and implement the Orleans Parish Sheriff's Office Policy on Immigration and Customs Enforcement (ICE) Procedures (herein "Policy") as set forth in Exhibit B, incorporated herein, which has <mark>permanent effect, absent a change in federal or state law applicable to immigration detainers</mark>."

As to the ICE subpoenas.  You should **by January 9, 2026**, if an inmate we specifically subpoenaed needs to be released, produce them to ICE or follow the other instructions on the subpoenas.  Concerning the request for lists of inmates who have not provided verifiable identity documents that correspond with lawful presence in the United States: this would be individuals whom the OPSO knows failed to provide driver's licenses, some sort of state ID or social security number. Or for those who possessed identity documents indicating foreign birth – non-US passport, national identity document, foreign DL, etc.  If you have this information on OPSO inmates, you need to respond to the subpoenas.  If you have new OPSO inmates booked after your response,  when ICE files new subpoenas for the lists you need to respond with information on the new OPSO inmates meeting these categories.  It is not an investigation or initiation of a status query by your agency, as ICE would be further investigating the inmates since your sanctuary policy bars us from the OJC.  Touching on your 2013 policy, its part #3 violates federal immigration law.  Full copy of that federal statute is below.

I attached information on all three ICE 287(g) partnerships available to you as of today.  The Sheriff has only to make an application at our website.  Her POC doing that can list me as the ICE official advising you.

For the way forward when your agency comes into compliance with ICE processes – currently, we have about a 1.5 page simple document showing how we deal with possible detainer situations as of today at the OJC.  These SOPs would be open to collaboration with the OPSO on improving them and getting your agency into compliance with our needed interviews and honoring all ICE Detainers, in a matter of hours.  Suggested process is a staff meeting, an ICE 101 presentation and changing on the spot how OPSO receives and responds to ICE interview and Detainer requests.  That is the short term.  For the medium term we could work as requested with your training staff to advise your internal policies.  For the long-term bringing you on board as an ICE detention partner or an ICE 287(g) partner, would take a few weeks depending on the wait for OPSO staff to be trained and credentialed by ICE.  The OPSO honestly will face significant challenges in restoring trust within ICE and the New Orleans local community due to the OPSO's two decades of sanctuary status.

Lastly, I do not have a response to our letter requesting access to DPSC inmates, unless I missed your reply.  Thank you.

U.S.C. Title 8 - ALIENS AND NATIONALITY

**8 U.S.C.**

United States Code, 2024 Edition
Title 8 - ALIENS AND NATIONALITY
CHAPTER 12 - IMMIGRATION AND NATIONALITY
SUBCHAPTER II - IMMIGRATION
Part IX - Miscellaneous
Sec. 1373 - Communication between government agencies and the Immigration and Naturalization Service
From the U.S. Government Publishing Office, www.gpo.gov

**§1373. Communication between government agencies and the Immigration and Naturalization Service**

**(a) In general**

Notwithstanding any other provision of Federal, State, or local law, a Federal, State, or local government entity or official may not prohibit, or in any way restrict, any government entity or official from sending to, or receiving from, the Immigration and Naturalization Service information regarding the citizenship or immigration status, lawful or unlawful, of any individual.

**(b) Additional authority of government entities**

Notwithstanding any other provision of Federal, State, or local law, no person or agency may prohibit, or in any way restrict, a Federal, State, or local government entity from doing any of the following with respect to information regarding the immigration status, lawful or unlawful, of any individual:

(1) Sending such information to, or requesting or receiving such information from, the Immigration and Naturalization Service.

(2) Maintaining such information.

(3) Exchanging such information with any other Federal, State, or local government entity.

**(c) Obligation to respond to inquiries**

The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information.

(Pub. L. 104–208, div. C, title VI, §642, Sept. 30, 1996, 110 Stat. 3009–707.)

▮▮▮▮▮▮▮

Acting Field Office Director
New Orleans Field Office

**Enforcement and Removal Operations**
**U.S. Immigration and Customs Enforcement**
▮▮▮▮▮▮▮▮

**From:** Comeaux, Tracey <▮▮▮▮▮▮▮>
**Sent:** Thursday, December 11, 2025 3:14 PM

**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Cc:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mallett, Jeworski <▮▮▮▮▮▮▮▮>; Williams, John <▮▮▮▮▮▮▮▮▮▮>

**Subject:** ICE Subpoenas

**CAUTION:** This email originated from outside of DHS. DO NOT click links or open attachments unless you recognize and/or trust the sender. Please use the Cofense Report Phishing button to report. If the button is not present, click here and follow instructions.

Good afternoon Ms. ▮▮▮▮

Thanks for contacting me about ▮▮▮▮▮▮▮▮'s November 30th letter addressed to OPSO. As discussed, we are happy to meet early next month (via zoom) regarding the subject of ▮▮▮▮▮ letter and propose the following dates: January 7, 9, 10 or 13.

Let me know which date works best for you and your team.

Thanks,
Tracey

**Tracey J. Comeaux**
Chief Legal Officer
▮▮▮▮▮▮▮▮
**Orleans Parish Sheriff's Office**



| | **ORLEANS PARISH SHERIFF'S OFFICE** | **INDEX#:** 501.15 | **PAGE:** 1 of 1 |
|---|---|---|---|
| | | **UPDATED:** 6/21/13 | **REVIEWED:** 6/21/13 |
| | **CHAPTER:** Inmate Acceptance, Booking, Release and Records | | |
| | **SUBJECT:** Immigration and Customs Enforcement (ICE) Procedures | | |

## POLICY:

It is the policy of the Orleans Parish Sheriff's Office to cooperate with the United States Immigration and Customs Enforcement (ICE) in accordance with the following procedures:

1.    For purposes of this section, a voluntary Immigrations and Customs Enforcement ("ICE") detainer request shall be defined as any request, including but not limited to Form 1-247 (also known as a "48 hour hold"), which seeks continued detention of an inmate beyond expiration of municipal, state, or federal charges, or a finding of no probable cause, or a posting of bail or parole, or a completion of a sentence, or lifting of another jurisdiction or agency's detainer, or a court ordered release. ICE criminal warrants, or any court order for continued detention shall not be considered voluntary ICE detainer requests for purposes of this section.

2.    The Orleans Parish Sheriff's Office shall decline all voluntary ICE detainer requests unless the individual's charge is for one or more of the following offenses: First Degree Murder (La. R.S. 14:30); Second Degree Murder (La. R.S. 14:30.1); Aggravated Rape (La. R.S. 14:42); Aggravated Kidnapping (La. R.S. 14:44); Treason (La. R.S. 14:113); or Armed Robbery with Use of a Firearm (La. R.S. 14:64.3). If a court later dismisses or reduces the individual's charge such that the individual is no longer charged with one of the above offenses or the court recommends declining the ICE hold request, OPSO will decline the ICE hold request on that individual.

3.    OPSO officials shall not initiate any immigration status investigation into individuals in OPSO custody or affirmatively provide information on an inmate's release date or address to ICE.

4.    Prior to any interview pertaining to an ICE criminal investigation, ICE must notify the subject inmate's attorney, provide a reasonable opportunity for counsel to be present during the interview, and certify to OPSO that this notice and opportunity has occurred. Absent a criminal warrant or court order transferring custody, no ICE agent shall be permitted into the secure area of the Intake and Processing Center. Absent a court order, OPSO shall not allow ICE to conduct civil immigration status investigations at OPSO or otherwise interview an inmate before the detainee's first appearance.

5.    Any individual who alleges a violation of the policy set forth herein may file a written complaint for investigation with the Orleans Parish Sheriff's Director of Intake and Processing.

**Ex. A-24**

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | SUSAN HUTSON, in her official capacity as ORLEANS PARISH CRIMINAL SHERIFF |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Peter M. Mansfield and AUSA Brock D. Dupre
USAO, EDLA. 650 Poydras St., 16th Floor, New Orleans,
LA 70130 Tel: 504-680-3000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1   U.S. Government Plaintiff
- [ ] 2   U.S. Government Defendant
- [ ] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Rights - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
8 U.S.C. § 1225(d)(4)(B)

Brief description of cause:
Judicial enforcement of administrative subpoenas.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Jan 16, 2026 | /s/ Peter M. Mansfield |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| v. | * | NO.  26-CV-0113 |
| SUSAN HUTSON, in her official capacity as | * | JUDGE |
| ORLEANS PARISH CRIMINAL SHERIFF | | |
| | * | MAG. JUDGE |

<u>ORDER</u>

Considering petitioner, the United States of America's, petition to enforce administrative subpoenas to respondent, Susan Hutson, in her official capacity as Orleans Parish Criminal Sheriff:

**IT IS ORDERED** that respondent, Susan Hutson, appear before the undersigned United States Magistrate Judge on_____, 2026, at _____a.m./p.m. at 500 Poydras Street, Room B_____,New Orleans, Louisiana 70130 to show cause on a summary proceeding authorized under FED. R. CIV. P. 81(a)(5) why she should not be compelled to comply with the 20 administrative subpoenas served upon her between October 2025 and January 2026.

**IT IS FURTHER ORDERED** that a copy of this Order, together with the United States' petition, the declaration of the ICE Deputy Field Office Director, exhibits attached thereto, and memorandum in support be served upon Susan Hutson by Petitioner under FED. R. CIV. P. 4 within 14 days of the issuance of this Order.

Respondent, Hutson, may file a memorandum in response to the United States' petition no later than eight days before the scheduled hearing in accordance with EDLA LR 7.5. The United States may file a reply no later than 4:00pm two business days before the scheduled hearing. Any other motions or issues raised by the respondent will be considered at the show-cause hearing

scheduled in this order.

New Orleans, Louisiana, this _____ day of _____, 2026.

_____
UNITED STATES MAGISTRATE JUDGE