UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIO CACHO, ET AL. | NO.: 11-225 |
| VERSUS | DIVISION: (1) |
| SHERIFF MARLIN N. GUSMAN, ORLEANS PARISH SHERIFF | MAGISTRATE JUDGE JANIS VAN MEERVELD |

ORDER AND REASONS

The defendant Sheriff moves to consolidate a recently filed miscellaneous action by the United States of America with this action. Rec. Doc. 175. Because none of the factors favoring consolidation are present here, the Motion to Consolidate Cases (Rec. Doc. 175) is DENIED.

Background

The present lawsuit was initiated in 2011 by two individuals alleging the Orleans Parish Sheriff held them in custody without lawful authority for months after the applicable hold request from the United States Immigration and Customs Enforcement ("ICE") had expired. The parties settled and the Court entered a consent decree in 2013, which required the Sheriff to maintain a policy concerning ICE detainer requests. Among other things, the policy requires that the Sheriff decline all voluntary ICE detainer requests except when the individual is charged with First Degree Murder, Second Degree Murder, Aggravated Rape, Aggravated Kidnapping, Treason, or Armed Robbery with Use of a Firearm. Rec. Doc. 96-2. The policy provides that "OPSO officials shall not initiate any immigration status investigation into individuals in OPSO custody or affirmatively provide information on an inmate's release date or address to ICE." Id. It also requires that "Absent a court order, OPSO shall not allow ICE to conduct civil immigration status investigations at OPSO or otherwise interview an inmate before the detainee's first appearance." Id. This case has been closed since 2013.

1

In 2025, the State of Louisiana intervened to file a Motion to Terminate or Dissolve the Consent Decree. The Court rejected the State's argument that the consent decree was governed by the Prison Litigation Reform Act, and certified the remaining state law questions to the Louisiana Supreme Court.[1] Pending a response from the Louisiana Supreme Court, the Motion to Terminate remains under submission. The United States is not a party to this action, but following the State's motion to intervene, it appeared to file a Statement of Interests pursuant to 28 U.S.C. § 517, and later a Supplemental Statement of Interests.

In January 2026, the United States filed a Petition to Enforce Administrative Subpoenas. United States of America v. Susan Hutson, No. 26-cv-113, ECF # 1 (E.D. La. Jan. 16, 2026). The Petition concerns 20 administrative subpoenas for documents and witnesses issued by ICE to the Sheriff to aid ICE's enforcement of federal immigration laws, which include the determination of criminal aliens' location and their potential for arrest and removal. The United States alleges that the Sheriff has not complied with the subpoenas and that the Sheriff asserts she cannot do so because of the requirements of the consent decree. The United States alleges that the consent decree applies only to ICE detainer requests and not to administrative subpoenas. Moreover, it alleges that the consent decree has been stayed by operation of the PLRA.[2]

The Petition to Enforce Administrative Subpoenas was filed in this Court. But the action has been automatically referred to a different section and division.

---

[1] The State has filed a notice that it intends to appeal this order. However, the appeal does not deprive the Court of jurisdiction over the present motion to consolidate. "A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." Alice L. v. Dusek, 492 F.3d 563, 564 (5th Cir. 2007). Thus, the Court remains able to proceed with matters "not involved in the appeal." Id. (quoting Taylor v. Sterrett, 640 F.2d 663, 668 (5th Cir. 1981)). The request to consolidate is not involved in the appeal.

[2] At the time the United States filed the Petition, this Court had not yet issued its ruling finding the PLRA inapplicable and certifying the remaining state law questions to the Louisiana Supreme Court.

Presently, the Sheriff seeks to consolidate the administrative subpoena action with this case. Both the United States and the State of Louisiana oppose. The Plaintiffs in this action have not filed any briefing on the request.

Law and Analysis

1. *Standard for Consolidation*

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

> In determining whether consolidation is appropriate, courts in this Circuit consider a number of factors, including: (1) whether the actions are pending before the same court; (2) whether common parties are involved in the cases; (3) whether there are common questions of law and/or fact; (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

Henry v. Maxum Indem. Co., No. CV 20-2995-WBV-JVM, 2022 WL 15626272, at *3 (E.D. La. Mar. 18, 2022). The district "court has broad discretion in determining whether to consolidate a case pending before it." Alley v. Chrysler Credit Corp., 767 F.2d 138, 140 (5th Cir. 1985) (quoting Nat'l Ass'n for Advancement of Colored People of Louisiana v. Michot, 480 F.2d 547, 548 (5th Cir. 1973)).

2. *Analysis*

    a. *Are the actions pending before the same court?*

Although the two actions are pending in the Eastern District of Louisiana, the cases are not pending before the same section and division. And, importantly, as the United States points out, the present case is proceeding before the Magistrate Judge on consent of the parties pursuant to 28 U.S.C. § 636(c). But the administrative subpoena action has been referred to the Magistrate Judge

for decision pursuant to 28 U.S.C. § 636(b). In that action, the parties' consent is not required (nor has it been obtained), and the ruling of the Magistrate Judge will be subject to the review of the District Judge. Before the administrative subpoena action could be transferred to this division for consolidation, the parties to that action would have to consent to the jurisdiction of the Magistrate Judge. There is no indication that the parties unanimously consent. This factor weighs against consolidation.

      b. *Are common parties involved?*

The only common party is the Sheriff. The plaintiffs and the intervenor in this action are not party to the administrative subpoena action. The United States is not a party to this action.[3] This factor weighs against consolidation.

      c. *Are there common issues of law and fact?*

The only remaining question in this action is whether the consent decree must be terminated or dissolved.[4] The answer to this question could bear on the administrative subpoena action because it appears that the Sheriff has resisted compliance with the subpoenas at least in part by invoking the consent decree. But, importantly, this question will not be answered in the administrative subpoena action. In other words, while the United States might argue that the consent decree *should be* terminated, it cannot obtain a ruling in the administrative subpoena action that the consent decree *has been* terminated. Moreover, the administrative subpoena action will also consider other questions such as whether the administrative subpoenas are enforceable and whether the consent decree applies to the administrative subpoenas at issue. Thus, while there is

---

[3] As noted above, it only appeared in this action to file a Statement of Interest and a Supplemental Statement of Interests.
[4] At the time the Petition was filed, there was also a question of whether the consent decree had been stayed by operation of the PLRA. This Court has since ruled that the PLRA does not apply in this case.

some relationship between the issues in the two cases, the Court finds that there are no common issues of law or fact. This factor weighs against consolidation.

       d. *Is there a risk of prejudice or confusion?*

The Sheriff argues that consolidation will ensure that ruling in the administrative subpoena action will not conflict with rulings in this case. But the Court finds there is no such risk because the same questions are not issue in both cases. This factor weighs against consolidation.

       e. *Will consolidation conserve judicial resources?*

The Sheriff argues that consolidation will conserve judicial resources because this Court is already fully briefed on the issues. The Sheriff also argues that the cases are in the same stage of preparation because neither implicates a trial.

The Sheriff is correct that neither case will be going to trial, but the cases are not in the same stage. This case is closed and has one live question—whether the consent decree must be terminated. The motion to dissolve or terminate the consent decree is already under submission. Moreover, a notice of appeal has been filed. On the other hand, the administrative subpoena action has been set for an evidentiary hearing. While there might be some conservation of resources because the undersigned is familiar with the consent decree, this reason alone is not sufficient to justify consolidation.

## Conclusion

Because none of the considerations favoring consolidation are present here, consolidation of the administrative subpoena action with this case is not appropriate. Accordingly, the Motion to Consolidate Cases (Rec. Doc. 175) is DENIED.

New Orleans, Louisiana, this 9th day of March, 2026.

                                             Janis van Meerveld
                                       United States Magistrate Judge